Carol FINNAN, Pennie Rodriguez, W. Brian Maillian, Deanne Landress, Lynn Van Haren, Steven Kanney, Dan Walsh, Nina Horowitz, Joseph DiSalvo, and Simon Knox, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

L.F. ROTHSCHILD & CO., INCORPORATED; L.F. Rothschild Holdings, Inc.; Franklin Financial Services, Inc.; and Franklin Savings Association, Defendants.

No. 89 Civ. 2718 (PNL).

United States District Court, S.D. New York.

Dec. 4, 1989.

Wolf Haldenstein Adler Freeman & Herz, New York City, Greenfield & Chimicles, Haverford, Pa. (Jeffrey G. Smith, Betsy C. Manifold, of counsel), for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Fred A. Freund, Jay W. Waks, Gregory J. Wallance, David E. Prager, of counsel), Robinson Silverman Pearce Aronsohn & Berman, New York

City (Andrew Irving, of counsel), for defendants L.F. Rothschild & Co. Inc. and L.F. Rothschild Holdings, Inc.

Stinson, Mag & Fizzell, Kansas City, Mo. (John C. Noonan, Paul E. Donnelly, Richard L. Connors, of counsel), Proskauer Rose Goetz & Mendelsohn, New York City (Edward A. Brill, of counsel), for defendant Franklin Sav. Ass'n.

## OPINION AND ORDER

LEVAL, District Judge.

This motion presents a narrow question of first and perhaps also last impression. It concerns the interpretation of the Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"), 29 U.S.C. §§ 2101–2109, during the first 60 days after its effective date. Defendant L.F. Rothschild & Co. Incorporated ("Rothschild")[1] moves for judgment on the pleadings pursuant to F.R.Civ.P. Rule 12(c) dismissing the complaint on the grounds it does not state a claim upon which relief can be granted. In the alternative, Rothschild moves to strike the claim for punitive damages. Plaintiffs move for class certification pursuant to F.R.Civ.P. Rule 23.

## BACKGROUND

The amended class action complaint (hereafter the "Complaint") asserts claims on behalf of at least 127 former employees of Rothschild who were dismissed on or soon after March 10, 1989. The Complaint alleges that Rothschild failed to provide 60–days notice to the plaintiff class prior to terminating their employment, as required by the WARN Act. The Complaint seeks statutory remedies as well as punitive damages.

Defendant Rothschild is an "investment banking, trading, arbitrage and brokerage house." Complaint ¶ 21. It is a wholly owned subsidiary of defendant L.F. Rothschild Holdings, Inc. ("LFR Holdings"). LFR Holdings is a holding company which itself is a wholly owned subsidiary of defendant Franklin Financial Services, Inc. ("FFSI"). Complaint ¶ 22. FFSI is also a holding company, which itself is wholly owned by the defendant Franklin Savings Association ("Franklin"). Complaint ¶ 23. Franklin is a stock savings and loan association which is engaged in a broad array of financial services. Complaint ¶ 24. All four of these defendant-entities share common officers and directors and are chaired by the same individual, Ernst Fleisher ("Fleisher"). Complaint ¶¶ 24, 25. The Complaint alleges that all of the personnel decisions of the defendant-entities are made under the control and direction of Fleisher. By virtue of this exercise of control, all of the defendant-entities are deemed a single defendant for purposes of the WARN Act. Complaint ¶ 27.

The Complaint alleges a series of events leading up to the WARN violations. The October 1987 crash of the stock market placed Rothschild in a poor financial position. Complaint ¶ 29. Interested only in Rothschild's government securities dealership and its tax loss carry-forwards, Franklin agreed in February 1988 to acquire Rothschild. Complaint ¶ 30.

After the closing of the deal in June 1988, Fleisher attempted to build up Rothschild by bringing in new areas of business. Complaint ¶¶ 31, 33. Despite these efforts, Rothschild continued to lose money and was forced to cut back its operations repeatedly. Complaint ¶ 33. Prior to the effectiveness of WARN, mass layoffs occurred without notice to employees. Complaint ¶ 33. In January 1989, Rothschild announced that it was withdrawing as a government securities dealer, and would concentrate on mortgage-backed, high-yield and investment grade debt securities. Complaint ¶ 35. At this time, Rothschild convened meetings of the surviving employees to reassure them of the company's commitment to preserving these areas of work. Complaint ¶ 35.

---

[1] Two other defendants in this action are Franklin Financial Services, Inc. and Franklin Savings Association. Both of these defendants join in requesting the relief sought in this motion. The final defendant is L.F. Rothschild Holdings, Incorporated. On June 30, 1989, this defendant filed a Chapter 11 bankruptcy petition. This action is accordingly stayed pursuant to Section 362 of Title 11 of the Bankruptcy Code as against L.F. Rothschild Holdings, Incorporated.

The WARN Act became effective February 4, 1989.

On March 8, 1989, Rothschild held a meeting of employees to announce that it was going to discontinue its operations in mortgage-backed and fixed income securities and terminate many employees. Complaint ¶ 39. On March 10, 1989, many Rothschild employees, including class plaintiffs, received written notices of termination effective immediately. Complaint ¶ 40. Two weeks later, Rothschild announced that it would also close its high-yield securities area, and served written notice of termination effective that day on other employees, also members of the plaintiff class. Complaint ¶¶ 45, 46.

Plaintiffs claim that the WARN Act required Rothschild to give them 60–days notice before terminating their employment. Complaint ¶ 48.[2]

Rothschild moves for judgment on the pleadings dismissing the complaint on the grounds that it fails to state a claim. It contends that the WARN Act did not apply to its action in March of 1989. In the alternative, Rothschild moves to strike the claim for punitive damages on the grounds that the WARN Act's remedies are exclusive and do not allow for an award of punitive damages. Plaintiffs move for certification of a class pursuant to F.R.Civ.P. Rule 23.

DISCUSSION

The WARN Act, passed after a prolonged public debate, compels employers to give 60–days notice to their employees before mass layoffs or plant closings which would result in the termination of a large number of jobs.

Section two of the Act defines which employers and employees are covered by the act and what actions constitute a "plant closing" or "mass layoff" for purposes of the notice requirement. 29 U.S.C. § 2101. Section three is the operative section which sets forth the notice period. Written notice must be served not only upon the affected employees or their representatives, but also on the local government office within whose jurisdiction the job loss is to occur. Section three also details certain fact situations which would reduce or obviate the notice period. 29 U.S.C. § 2102. Section five provides the means of enforcement by creating a civil cause of action against employers by the aggrieved employees in the federal district courts. The remedies, which are stated to be exclusive, are back pay for each day of the violation, calculated by a specific formula, and any benefits which would have accrued had the employee remained in his job during the period of violation. Courts are expressly barred from enjoining either a plant closing or mass layoff. 29 U.S.C. § 2104. The Department of Labor is empowered to prescribe regulations for compliance with the law. 29 U.S.C. § 2107.

### 1. Rothschild's motion to dismiss the Complaint

■ Defendant's motion to dismiss presents the question of the meaning of the effective date of the Act. Rothschild argues that, because WARN did not become effective until February 4, 1989, it did not impose *any* obligations on employers prior to that date, and therefore did not obligate employers to give notice earlier than February 4, 1989. According to this interpretation, the statute would apply only to layoffs occurring on or after April 4, 1989— that is, sixty days after the effective date of the statute. The defendant contends that WARN could not apply to its layoff on March 10, 1989 without giving unlawful retroactive application of the statute. It argues that the Complaint fails to state a claim upon which relief can be granted because it seeks to hold Rothschild liable for a failure to give notice which it was under no legal duty to furnish at the time.

On a motion to dismiss the complaint, the burden is on the defendant to prove that no set of facts would support the plaintiff's

2. The Complaint also makes various allegations to the effect that the decision to terminate the plaintiffs' employment was not made as a result of any of the exceptions to WARN listed in section four of the statute, 29 U.S.C. § 2103. These statutory exceptions excuse a company from serving the required notice if certain business conditions would render notice untenable.

claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Accepting the allegations of the complaint as true for purposes of this motion, the court must determine whether WARN liability may be imposed on Rothschild for its actions on March 10 and March 31, 1989.[3]

Interpretation of a statute must begin with a careful examination of its expressed terms.

The WARN Act was signed into law on August 4, 1988. Section eleven expressly provides that it "shall take effect" six months after the date of enactment, which is February 4, 1989. On the other hand, the same section specifically excepts from the six-month delay the authority of the Secretary of Labor to make regulations under Section eight, which is "effective upon enactment." 29 U.S.C. § 2101, note.

Section three states that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60–day period after that employer serves written notice of such an order ... (on certain required persons)." 29 U.S.C. § 2102. The remedy section provides that, "Any employer who orders a plant closing or mass layoff in violation of section 3 of this Act shall be liable...." 29 U.S.C. § 2104.

This language of the statute focuses on the closing or layoff as the affected event. Liability is attached to closings or layoffs occurring after the effective date which do not comply with the statute by the giving of sixty-days' notice. Nothing in the language suggests that Congress did not intend liability to attach unless the closing occurred more than sixty days after the effective date, which is the interpretation defendants argue for.

Such an interpretation would give rise to serious problems of fairness had the stat-

ute been immediately effective. It could then have exposed employers to liability for a long-planned closing without adequate opportunity to comply. But Congress dealt with that problem by providing for six-months' delay. Thus from the date of enactment on August 4, 1988, employers were warned that closings or mass layoffs without the newly required notice period needed to be done within six months—that beginning on the effective date of February 4, 1989, a closing would incur liability unless preceded by sixty-days' notice.[4]

The actions of the Department of Labor tend to reinforce this conclusion, although the Department did not take a position. On September 8, 1988, DOL established a schedule for the submission of comments on the proposed regulations. On October 28, after the receipt of comments from companies, labor unions and trade groups, DOL noted that there was disagreement on this issue, and that requests had been made to clarify it. DOL warned that "[i]n order to avoid potential liability, prudent employers may wish to ... be prepared to provide 60-day notice as early as December 6, 1988 for any covered employment actions which are planned to occur on or after February 4, 1989." DOL requested immediate comment so that it could issue interim interpretive regulations.

On December 2, DOL published an interim rule informing employers how to serve notice in compliance with WARN. Although DOL did not take a position on the contested issue, it warned that the statute might require notice be given as early as December 6, and suggested that "employers are therefore best advised to proceed conservatively and to provide notice in view of this possible liability." DOL acknowledged that its rule was issued only a few days before December 6, but noted that employers were on notice as early as Sep-

---

3. For purposes of this motion, and because it is not presently disputed by the defendant, I will accept that plaintiff has fairly pleaded facts which allege that Rothschild's termination of employees on the dates alleged in the complaint constitute a "mass layoff" as defined in section 2(a)(3), and that Rothschild is an "employer" as defined in section 2(a)(1) of WARN.

4. This interpretation of the statute is reinforced by the fact that the statute expressly empowers the Department of Labor ("DOL") on the date of enactment, rather than the effective date. The Act, in other words, was already law. It is just that most of its provisions were not to be effective or enforceable for six months.

tember 16 of the potential for liability. As a measure of reassurance to covered employers, DOL expressed a belief that "substantial compliance" would be sufficient under the Act if a court later determined that notice was required prior to the issuance of a Final Rule by DOL. When DOL issued its Final Rule on April 20, 1989, it stated that "the issue of meaning of the effective date is a purely legal issue that the courts will decide without giving any deference to any interpretation that DOL might adopt." DOL merely noted that its only action had been to "inform" employers of the potential liability.

As DOL never reached an interpretation of this question, there is no administrative interpretation to which courts should defer. On the other hand, DOL clearly warned employers that they might have to provide notice under WARN as early as December 6. Defendants cannot claim lack of notice or unfairness.[5]

Defendant contends that this interpretation of the statute is untenable because it applies WARN liability retroactively. This argument is specious. The statute was passed and became law in August of 1988. The layoff giving rise to liability did not occur for more than seven months thereafter. The failure to give notice did not occur until over five months after passage.

Defendants' motion to dismiss is denied.

### 2. Rothschild's motion to strike punitive damages

Defendant moves for judgment on the pleadings striking plaintiffs' claim for punitive damages. Rothschild contends that punitive damages are not available under the WARN Act because the statutory remedies are exclusive.

The provisions of the WARN Act are very specific with regard to remedies. A victorious WARN plaintiff is entitled to back pay for each day of the WARN violation, as well as the benefits to which he would have been entitled during that same period. The Act states that this form of compensatory damages is available "up to a maximum of sixty days." 29 U.S.C. § 2104(a)(1). In addition, these damages may be reduced by specified mitigating acts or proofs made by the employer. 29 U.S.C. § 2104(a)(2) and (a)(4).

Only two provisions speak of ways that additional liability might be imposed. If the employer has also failed to notify the local government unit pursuant to Section Three of WARN, then an additional penalty will be assessed of $500 for each day of the violation. This penalty may be avoided by the employer if he pays the compensatory damages to the employees within three weeks of the order of the layoff. 29 U.S.C. § 2104(a)(3). In addition, it is within the discretion of the district court to award attorney's fees to the prevailing party. 29 U.S.C. § 2104(a)(6). The statute also states that "[The remedies provided for in this section shall be exclusive remedies for any violation of this Act." 29 U.S.C. § 2104(b).

The provision that the specified remedies are the "exclusive remedies" unmistakably conveys that an additional remedy of punitive damages is not available to plaintiffs under WARN.

The Supreme Court has cautioned that "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *TransAmerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 20, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979). The Supreme Court stated recently that where Congress has crafted an enforcement scheme for rights created by statute, no extra damages are available. *See Massachusetts Mutual Life*

---

5. It would be particularly disingenuous of Rothschild to contend that it was without notice of the possibility that it might have an obligation under WARN. Both of the written notices which were sent to the discharged employees contained language which virtually tracked the language of section 3(b)(1) of WARN. This subsection, known as the failing company exception, excuses the notice obligations upon a showing that the employer was actively seeking capital which, if obtained, would have enabled the employer to avoid the layoff, and the employer had a good faith belief that service of WARN notice would have jeopardized those efforts. In addition, both notices contain clauses which state that the delivery of notice is "without prejudice to the company's position" that no WARN notice was required.

*Insurance Co. v. Russell,* 473 U.S. 134, 148, 105 S.Ct. 3085, 3094, 87 L.Ed.2d 96 (1985) (disallowing claim for punitive damages under ERISA).

■ The WARN Act did not codify any state or common law under which plaintiffs would have been entitled to punitive damages. The notice obligations of WARN and the accompanying remedies are novel creations of Congress and represent a public policy decision to establish new legal obligations for employers. What disturbed the four dissenters in *Massachusetts Mutual* was that it was unclear whether ERISA, the statute at issue, had replaced remedies available under the relevant state trust and pension law. *Mass. Mutual, supra,* 473 F.2d at 149–159, 105 S.Ct. at 3094–3099. There is no such concern in this case. In fact, the statute expressly provides that the obligations and liabilities of WARN are entirely self-contained and do not "alter or affect" any other rights and remedies available to aggrieved employees. 29 U.S.C. § 2105.[6] There is no right to punitive damages under WARN. This aspect of the complaint must be stricken.

### 3. Plaintiff's motion for class certification

■ Plaintiffs move for class certification. Plaintiffs argue that the Complaint meets all of the requirements of F.R.Civ.P. Rule 23 and that the statute is particularly suited to a class action. For the purposes of the class certification motion, the allegations in the Complaint are accepted as true. *See Shelter Realty Corp. v. Allied Maintenance Corp.,* 574 F.2d 656, 661 n. 15 (2d Cir.1978).

I believe that the requisites of Rule 23(a) are met. The potential class is composed of at least 127 known Rothschild employees who were discharged on March 10 and March 31, 1989. *See* Affidavit of Kevin Hoffman, ¶ 8. Joinder of so many plaintiffs is somewhat impracticable.

Common questions of law and fact are presented, which include the applicability of WARN to the employment actions at Rothschild, the question of Rothschild's liability, and the effect of mitigating conduct by the defendant on the calculation of damages. The WARN Act seems particularly amenable to class litigation. By its terms, WARN is applicable only in the context of employer action which affects a large number of employees. It is only applicable to companies which employ more than 100 employees. *See* 29 U.S.C. § 2101(a)(1).

Defendant submits that within the potential class, some employees had signed liability releases, others had signed arbitration agreements, and still others had voluntarily resigned. Defendant argues that its defenses are different as to each of these groups of employees. These issues and defenses are subordinate to the far larger common defense which Rothschild asserts against the Complaint. They may well call for the eventual creation of subclasses, or for dropping certain members from the class, but they do not defeat the merits of class certification at this juncture.

The ten named plaintiffs appear to be suitable class representatives. They are former employees of Rothschild whose responsibilities and job designations varied and whose annual salaries ranged from a low of $26,000 to a high of over one million dollars. Nine of the ten were discharged from Rothschild without required notice on March 10, and the other was discharged without required notice on March 31.

Defendants seek to defer the certification of the class until further discovery on the merits. Rule 23(c) commands that the class determination shall be made "as soon as practicable after the commencement of an action." Plaintiffs seek to certify a class consisting of themselves and:

> all others similarly situated (the "Class") who were employees of defendant, L.F.

---

6. The pertinent section states:

> The rights and remedies provided to employees by this Act are in addition to, and not in lieu of, any other contractual or statutory rights and remedies of the employees, and are not intended to alter or affect such rights and

> remedies, except that the period of notification required by this Act shall run concurrently with any period of notification required by contract or by any other statute. 29 U.S.C. § 2105.

Rothschild & Co., Inc. ("LFR") and who were "affected employees" subject to an "employment loss", as those terms are defined in section 2(a)(5) and (6) of WARN, as a result of the circumstances, acts and facts related to LFR's employee terminations effected on March 10, 1989 and thereafter without the notices required by WARN. Complaint, ¶ 4.

By including terminations on March 10 *and thereafter*, plaintiffs have suggested an overbroad time span. Whether it is ultimately defined as either a "mass layoff" or a "plant closing," an employment loss under the statute is confined at most, to an aggregated ninety-day period. Any class certification must remain within these time constraints. Plaintiffs' proposed order of certification should be modified to conform to this limitation.

Although I find that class certification is appropriate at this stage in the litigation, the maintenance of a class action form is "conditional, and may be altered or amended before a decision on the merits." F.R. Civ.P. Rule 23(c)(1); *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1790.

CONCLUSION

The defendants' motion to dismiss the Complaint is denied. Plaintiffs' claims for punitive damages are stricken. The plaintiffs' motion for class certification is granted. Plaintiffs shall submit a proposed class order on notice within ten (10) days.

SO ORDERED.