United States Court of Appeals,

Fifth Circuit.

No. 95-50801.

Alvin STAUDT, on Behalf of Himself and All Others Similarly Situated, Plaintiff-Appellant,

v.

GLASTRON, INC., Defendant-Appellee.

Aug. 22, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD, DAVIS and DeMOSS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Alvin Staudt appeals the district court's order dismissing as time-barred his suit under the Worker Adjustment and Retraining Notification Act (WARN), 29 U.S.C. § 2101 *et seq.* (1988). We reverse.

I.

This case enjoys a long procedural history. Appellant filed suit on December 14, 1992. He alleged that Glastron, Inc. (Glastron), his former employer, had violated WARN in November and December of 1990 by laying off some 250 workers at its New Braunfels, Texas plant without giving them proper notice. Glastron moved to dismiss the complaint as untimely filed. Congress did not include a limitations period in WARN. The company, however, argued that the National Labor Relation Act (NLRA) was the most analogous statute and that its six-month statute of limitations should apply. *See* 29 U.S.C. § 160(b) (1988). The district court agreed. It granted Glastron's motion to dismiss, and we affirmed. *Halkias v. General Dynamics Corp.,* 31 F.3d 224 (5th Cir.1994). We then took the case *en banc* and vacated the panel opinion. Shortly thereafter, the Supreme Court rejected an argument that the NLRA limitations period applies to WARN claims. *North Star Steel Co. v. Thomas,* --- U.S. ----, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). It held that courts must borrow the "most closely analogous" state limitations period unless it would "frustrate

1

and interfere with the implementation of national policies, or be at odds with the purpose or operation of federal substantive law." *Id.* at ---- - ----, 115 S.Ct. at 1930-33. The Court considered Pennsylvania statutes ranging from two to six years in length and concluded that none would frustrate WARN's purpose. *Id.* at ----, ----, 115 S.Ct. at 1931, 1933. It did not, however, decide which cause of action qualified as WARN's closest Pennsylvania analog. In response to *North Star,* we vacated the order dismissing Staudt's suit as time-barred and remanded the case to the district court for reconsideration. *Halkias v. General Dynamics Corp.,* 56 F.3d 27 (5th Cir.1995) (*en banc* ).

On remand, the district court considered various Texas limitations periods. It rejected Staudt's argument that a WARN action is contractual in nature and that the four-year period applicable to Texas contract actions should apply. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). The district court likewise declined to borrow the two-year tort limitations period or the four-year residual limitations statute. *See* Tex.Civ.Prac. & Rem.Code Ann. §§ 16.003(a), 16.051 (Vernon 1986). The district court concluded that the cause of action created by the Texas Payment of Wages Act (Wage Act) was the most analogous to a WARN claim. *See* Tex.Lab.Code Ann. § 61.051 (Vernon 1996). After determining that the Wage Act's six-month period neither frustrated nor interfered with WARN's purpose, the court borrowed it and dismissed Staudt's claim as untimely. Staudt then filed this appeal.

## II.

Adopting a state limitations period for WARN actions requires that we first "characterize the essence" of a WARN action and then determine which state action is closest to it. *Wilson v. Garcia,* 471 U.S. 261, 268, 105 S.Ct. 1938, 1942-43, 85 L.Ed.2d 254 (1985). We therefore begin by considering the statute itself. WARN provides, in relevant part:

> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order—
>
>> (1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee;  and
>>
>> (2) to the State dislocated worker unit ... and the chief elected official of the unit of local government within which such closing or layoff is to occur.

2

....

29 U.S.C. § 2102(a). The exclusive remedy for violation of this provision is a civil action for statutory damages and attorney's fees. 29 U.S.C. § 2104(a)(6), (b). Actions may be brought by individual workers, their representatives, or government entities. *E.g.,* 29 U.S.C. § 2104(a)(5). WARN also grants individual plaintiffs standing to sue on behalf of "other persons similarly situated." *Id.* Local governments can obtain up to $500 in damages for each day of an employer's violation. 29 U.S.C. § 2104(a)(3). Aggrieved employees are due "back pay for each day of violation" at their regular rate of pay and "benefits under an employee benefit plan." 29 U.S.C. § 2104(a)(1). A court, however, may reduce these damages under certain circumstances. For example, it may deduct from a damage award any wages the employee earned during the violation period. 29 U.S.C. § 2104(a)(2). It may also take into account an employer's reasonable, good faith belief that its actions did not constitute a violation. 29 U.S.C. § 2104(a)(4). In short, WARN imposes a statutory duty on businesses to notify workers of impending large-scale job losses and allows for limited damages " "designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings.' " *Carpenters Dist. Council v. Dillard Dept. Stores,* 15 F.3d 1275, 1285 (5th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 933, 130 L.Ed.2d 879 (1995) (quoting S.Rep. No. 62, 100th Cong., 1st Sess. 24 (1987)).

We now turn to Texas law and the various causes of action the parties contend are most analogous to WARN. Glastron argues that the Texas Payment of Wages Act (Wage Act), Tex.Lab.Code Ann. § 61.001 *et seq.,* is WARN's closest Texas analog. The Wage Act provides an administrative remedy to employees for recovery of wages and benefits they are owed. Tex.Lab.Code Ann. § 61.001(7). An employee files his complaint with a commission which investigates and prosecutes the claim. Tex.Lab.Code Ann. §§ 61.001(1) & 61.002. The Wage Act, moreover, authorizes the Texas Attorney General to seek injunctive relief against employers who repeatedly violate its provisions. Tex.Lab.Code Ann. § 61.020. Glastron argues that WARN and the Wage Act provide comparable remedies and share a similar concern for collective interests. For

3

this reason, Glastron asserts that the district court correctly applied the Wage Act's 180-day statute of limitations to Staudt's claim. We disagree.

WARN and the Wage Act do afford claimants similar remedies. We need not decide, however, whether the Wage Act represents the cause of action most analogous to WARN. The Wage Act merely provides employees with an administrative alternative to a common law action on a debt for wages due. The 180-day period limits the time within which an employee may file this administrative claim. The employee, however, retains the independent right to sue for wages due without exhausting his administrative remedies under the Wage Act. *See Holmans v. Transource Polymers, Inc.,* 914 S.W.2d 189, 191 (Tex.App.—Fort Worth 1995, writ filed). The Wage Act, in other words, does not provide a limitations period for a judicial remedy. It is inappropriate, therefore, to apply its 180-day period to a civil action filed under WARN.[1]

Glastron next asserts that an action for workers' compensation benefits is analogous to a WARN action. The Texas Workers' Compensation Act requires an injured employee to assert his claim within one year. Tex.Lab.Code Ann. § 409.003 (Vernon 1996). Like WARN, its scheme ensures employees a continued source of income. The two statutes also share a simplified method for calculation of damages. *See Carpenters Dist. Council,* 15 F.3d at 1285 (WARN); *Texas Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 521 (Tex.1995) ("[T]he Act ... provides benefits to injured workers without the necessity of proving negligence and without regard to the employer's potential defenses.").

Glastron, however, glosses over significant distinctions between the two statutes. Unlike

---

[1]The Supreme Court declined to apply a limitations period for filing an administrative claim to judicial actions brought under the federal civil rights statutes, 42 U.S.C. § 1981 *et seq. Burnett v. Grattan,* 468 U.S. 42, 50-52, 104 S.Ct. 2924, 2929-31, 82 L.Ed.2d 36 (1984). In *Burnett,* the Court reasoned that a person seeking a judicial remedy faces practical difficulties not confronted in administrative actions in which a commission investigates and prosecutes the complaint. *Id.* It therefore refused to borrow the six-month administrative limitations period for filing a claim with the Maryland Human Affairs Commission. *Id.* The Second Circuit relied in part on this reasoning for its decision to apply a state limitations period rather than borrowing from the NLRA or FLSA. *United Paperworkers Int'l Union and its Local 340 v. Specialty Paperboard, Inc.,* 999 F.2d 51, 55, 57 n. 10 (2d Cir.1993); *see also Siniscalchi v. Shop-Rite Supermarkets, Inc.,* 903 F.Supp. 182, 188 (D.Mass.1995).

WARN, the Workers' Compensation Act remunerates an injured employee for loss of earning capacity rather than for loss of earnings. *See Service Lloyds Ins. Co. v. Martin,* 855 S.W.2d 816, 820 (Tex.App.—Dallas 1993, no writ) (paraphrasing *Employers' Reinsurance Corp. v. Holland,* 162 Tex. 394, 347 S.W.2d 605 (1961)). While WARN addresses the employee's purely economic injury, physical injury is required to trigger workmen's compensation coverage. The workers' compensation scheme, in fact, almost completely supplants the worker's common-law tort action against his employer. *See e.g., Texas Workers' Compensation Law, Release No. 10* § 2.01[3][a]-[b], at 2-12, 2-14 (Howard L. Nations & John C. Kilpatrick, eds. 1996). For all of these reasons we conclude that an action for workers' compensation benefits is not analogous to WARN.[2] We therefore decline Glastron's invitation to borrow the Workers' Compensation Act's one-year limitations period.

We are left with two arguably applicable statutes of limitations—the two-year tort limitations period and the four-year period which applies to contract claims and actions on debt.[3] Tex.Civ.Prac. & Rem.Code Ann. §§ 16.004, 16.003(a). A WARN action is not particularly analogous to either. If we consider the predicate for liability under WARN, it is comparable to a tort claim in that both require a "wrongful" act by the defendant. If we consider WARN's remedial goal and the damages available under the statute, it is analogous to an action on a debt for wages owed. The worker can recover what he would have earned had his employer provided him the requisite notice.

Most courts considering the issue have determined that a WARN claim is analogous to a contract action. *E.g., Aaron v. Brown Group,* 80 F.3d 1220, 1225-26 (8th Cir.1996); *Frymire v. Ampex Corp.,* 61 F.3d 757, 764 (10th Cir.1995), *cert. dismissed,* --- U.S. ----, 116 S.Ct. 1588, 134 L.Ed.2d 685 (1996); *United Paperworkers,* 999 F.2d at 56. However, we need not determine whether the same is true under Texas law. Staudt's claim is timely under both remaining limitations

---

[2] *But see United Paperworkers Int'l Union and Its Local 340 v. Specialty Paperboard, Inc.,* 999 F.2d 51, 56-57 (2d Cir.1993).

[3] The Supreme Court has stated that residual limitations periods are usually not appropriate for borrowing. *See Agency Holding Corp. v. Malley-Duff & Assoc., Inc.,* 483 U.S. 143, 152-53, 107 S.Ct. 2759, 2765, 97 L.Ed.2d 121, 131 (1987). We therefore do not consider the four-year Texas residual period. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.051.

periods. And neither would frustrate WARN's purpose. *See North Star Steel,* --- U.S. at ----, 115 S.Ct. at 1931, 132 L.Ed.2d at 33. Because Staudt's action is not barred even under the shorter two-year statute, we conclude that the district court erred in dismissing his suit. We therefore reverse the judgement of the district court and remand the case for further proceedings.

REVERSED and REMANDED.