**Juan Alfredo GOMEZ, Raymundo Zamora, Marcela Tarwater, Lorenzo Sandoval, Armando Marquez, Norma Chacon, Manuel Lopez, and others similarly situated,**

v.

**AMERICAN GARMENT FINISHERS CORPORATION.**

No. EP–99–CA–260–DB.

United States District Court,
W.D. Texas,
El Paso Division.

Feb. 1, 2000.

Carmen Elena Rodriguez, Attorney at Law, El Paso, TX, Nina Perales, Mexican American Legal Defense, et al., San Antonio, TX, Leticia M. Saucedo, Mexican American Legal Defense & Educ. Fund, Inc., San Antonio, TX, for plaintiffs.

Kenneth R. Carr, Carr, Flora, Carroll & Driscoll, P.C., El Paso, TX, for defendant.

*MEMORANDUM OPINION AND ORDER*

BRIONES, District Judge.

On this day, the Court considered Plaintiffs' Motion for Class Certification, filed in the above-captioned cause on November 3, 1999. Defendant filed a Response to Plaintiffs' Motion on November 24, 1999. After due consideration, the Court is of the opinion that Plaintiffs' Motion should be granted, as set forth below.

## BACKGROUND

On December 22, 1999, Plaintiffs filed an Amended Complaint and Jury Demand. Through their Amended Complaint, Plaintiffs allege that Defendant employed Plaintiffs as garment workers in a finishing plant located at 3715 Durazno in El Paso, Texas, where Defendant allegedly employed at least one-hundred employees. Plaintiffs further allege that, on or about February 27, 1999, Defendant laid off approximately 350 employees from its El Paso plant without giving those employees at least sixty days of notice, in violation of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101–2109.[1] Plaintiffs allege that Defendant is liable for "actual, incidental, consequential and exemplary damages, and for costs." Plaintiffs seek declaratory relief, damages and attorney's fees.

Plaintiffs filed the instant Motion pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to certify a class defined as follows: "All affected employees who worked for American Garment Finishers Corporation in El Paso, Texas who suffered an employment loss on or about February 27, 1999 and who did not receive sixty (60) days advance written notice of such plant closing or mass layoff."[2]

1. For convenience, all statutory references herein are to Title twenty-nine, United States Code, unless otherwise noted.

2. Although the class Plaintiffs seek to certify clearly is limited to persons terminated by Defendant on or about February 27, 1999, Plaintiffs refer in their Amended Complaint and in their briefs herein to individuals who allegedly were terminated in November 1998. Defendant objects to including any persons not terminated in February 1999 in any class. The Court agrees. Accordingly, the class certified, including named

## DISCUSSION

In general, class action relief "is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'" *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 2369, 72 L.Ed.2d 740 (1982) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557–58, 61 L.Ed.2d 176 (1979)). Rule 23 defines the class action in federal courts and governs certification of a class. After reviewing Plaintiffs' Motion and Defendant's Response, the Court is of the opinion that the requirements set forth in Rule 23 are met, and a class should be certified as set forth below.

### A. Class Action Prerequisites—Rule 23(a)

Every action certified as a class action must meet the following prerequisites:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED.R.CIV.P. 23(a); *see also Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 486 (5th Cir.1982). Unless these prerequisites are established, the more specific requirements of Rule 23(b) are not addressed. *See* FED. R.CIV.P. 23(b). Here, the Court finds that the prerequisites are met.

First, by its terms, WARN applies only to those employer actions which affect

representative plaintiffs, *shall not include* any individual terminated in November 1998 and not also terminated on or about February 27, 1999. Any named Plaintiff who was not so employed in February 1999 cannot be maintained as a party to this action.

Should Plaintiffs somehow demonstrate that individuals terminated in November 1998 are properly part of this action, the Court will determine at such later time whether to certify any sub-classes, as Defendant suggests.

large quantities of employees. *See* § 2101. Moreover, the 350 employees Defendant allegedly laid off without the notice required by WARN clearly are so numerous that joinder of all 350 is impracticable. *See, e.g., Cruz v. Robert Abbey, Inc.,* 778 F.Supp. 605 612 (E.D.N.Y.1991) (holding that 144 known former employees sufficient for class to meet numerosity requirement); *Finnan v. L.F. Rothschild & Co.,* 726 F.Supp. 460, 465 (S.D.N.Y.1989) (144 employees sufficient). Accordingly, the numerosity requirement is met.

■ Second, the "threshold of 'commonality' is not high." *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 472 (5th Cir.1986). The commonality test is met when there is "at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Lightbourn v. County of El Paso,* 118 F.3d 421, 426 (5th Cir.1997). Here, the named plaintiffs and the putative class are united by the common legal question of whether Defendant complied with the statutory notice requirements of WARN. To so determine, common factual issues must be addressed. For example, liability will turn, in part, on whether Defendant is an "employer" as that term is used in the statute, which will include examining the number of persons Defendant employed, each employee's status as either part or full-time, and their longevity, *see* § 2101(a)(1); whether there was a "plant closing" or "mass layoff," *see* § 2101(a)(2), (3); and, if so, whether any required notice was given properly to affected employees. *See* § 2102. Accordingly, the Court finds that there are common questions of both law and fact pertinent to the class. Consequently, this requirement is met.

■ Third, "[t]he test for typicality, like the test for commonality, is not demanding." *Lightbourn,* 118 F.3d at 426. It is well-settled that the class representatives must possess the same interest and suffer the same injury as the class members. *See East Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977). "Typicality focuses on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Lightbourn,* 118 F.3d at 426. Here, the representatives allege only one legal theory—WARN Act liability—and do so based on one set of operative facts—the February 27, 1999, terminations coupled with a lack of timely notice. Moreover, liability on behalf of the representative plaintiffs, once established, necessarily will establish liability for the benefit of the class also. Hence, the Court finds that the typicality requirement is met.

■ Finally, the Court finds that the "adequacy of representation" requirement is met. Fair and adequate representation requires examining both the class representatives and the proposed class counsel. *See North Am. Acceptance Corp. v. Arnall, Golden & Gregory,* 593 F.2d 642, 644 (5th Cir.1979). Here, the Court is satisfied that Plaintiffs have met their burden to show that there is no conflict between the representative plaintiffs and any class member. *See id.* Furthermore, the Court finds that Plaintiff's Counsel, Carmen E. Rodriguez ("Rodriguez"), is sufficiently "qualified, experienced, and generally able to conduct the proposed litigation." *Id.* Rodriguez avers that, over a period of eighteen years as a licensed attorney practicing in the field of employment law, Rodriguez has served as lead class counsel on at least six class actions, and co-counsel on at least two additional class actions. Thus, the Court finds that this prerequisite is met.

Accordingly, the Court finds that the four prerequisites set forth in Rule 23(a) are met in this cause.

### B. Type of Class Mechanism—Rule 23(b)

In addition to prerequisites applicable generally to all class actions, Rule 23 classes take varying forms. Plaintiffs contend that a class should be certified under both Rule 23(b)(2) and 23(b)(3).

#### 1. Rule 23(b)(2) Class

■ A class is appropriately certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect

to the class as a whole...." *See* FED.R.CIV.P. 23(b)(2). Here, Plaintiffs argue that "Defendant employer has refused to provide the requisite advance written notice.... Plaintiffs seek declaratory relief that Defendant violated the WARN ACT." Accordingly, Plaintiffs argue that declaratory relief, if any, will be appropriate in this cause should Plaintiffs establish liability. The Court disagrees.

Plaintiffs simply misunderstand the nature of the "declaratory relief" referenced in Rule 23(b)(2). As the Advisory Committee Notes to the 1966 amendment to Rule 23(b)(2) make clear, the 23(b)(2) class is reserved for causes in which

> final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate. Declaratory relief "corresponds" to injunctive relief when as a practical matter it affords injunctive relief or serves as a basis for later injunctive relief. *The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages.*

(Emphasis added). In that respect, the United States Court of Appeals for the Fifth Circuit recently held that "monetary relief predominates in (b)(2) class actions unless it is incidental to requested injunctive or declaratory relief." *Allison v. Citgo Petroleum Corp.* 151 F.3d 402, 415 (5th Cir.1998); *see also Jones v. Diamond,* 519 F.2d 1090, 1100 (5th Cir.1975) (finding Rule 23(b)(2) not appropriate mechanism when predominant purpose of suit to collect damages). "The underlying premise of the (b)(2) class—that its members suffer from a common injury properly addressed by class-wide relief—'begins to break down when the class seeks to recover back pay or other forms of monetary relief to be allocated based on individual injuries.'" *Id.* at 413 (quoting *Eubanks v. Billington,*

110 F.3d 87, 95 (D.C.Cir.1997)); *see also United Paperworkers Int'l Union v. Specialty Paperboard,* 829 F.Supp. 671, 675 (D.Vt. 1992) (finding that WARN action principally involved monetary rather .than declaratory relief).

Under WARN, assuming Plaintiffs prove liability, the plaintiff class will have very specific *monetary* damages available. *See* § 2104 (setting forth specific method of calculating back pay and benefits; limitations on back-pay; attorneys fees and various set-offs).

Moreover, WARN expressly states that "[t]he remedies provided for in [WARN] shall be the exclusive remedies for any violation of [WARN's requirements]." § 2104(b). Plainly absent from the WARN Act's affirmative statement of remedies is authorization to courts to award injunctive and declaratory relief. Rather, § 2104(b) expressly precludes at least one form of injunctive relief, stating that, "[u]nder [WARN], a Federal court shall not have authority to enjoin a plant closing or mass layoff." Accordingly, the Court is of the opinion that injunctive and declaratory relief is not available under WARN. *See Staudt v. Glastron,* 92 F.3d 312, 314 (5th Cir.1996) ("The Exclusive remedy for violation of [WARN] is a civil action for statutory damages and attorney's fees."); *Local 217, Hotel & Restaurant Employees Union v. MHM, Inc.,* 976 F.2d 805, 809 (2d Cir.1992) (holding that WARN contemplates damages only and preliminary injunction not available); *but see Local 397, Int'l Union of Elec., Elec., Salaried, Machine & Furniture Workers v. Midwest Fasteners, Inc.,* 763 F.Supp. 78, 81–82 (D.N.J.1990) (finding that § 2104 does not preclude district court from issuing preliminary injunction to protect future damages award expressly authorized under WARN).[3]

---

**3.** Plaintiffs further argue that "this case is not unlike a civil rights class action," because "Defendant's acts and omissions of which [Plaintiffs] complain are of a continuing nature, which have caused and are likely to continue causing all of the class members immediate and irreparable harm for which [class members] have no adequate remedy at law."

First, as discussed above, Plaintiffs do have an adequate remedy at law—statutory damages.

*See* § 2104. Second, while not expressly stated, Plaintiffs suggest that Defendant will continue to violate WARN in the future and should be enjoined from doing so. However, no facts suggest that Defendant's actions are of a continuing nature which cannot be addressed by monetary damages. Moreover, WARN was not enacted to halt plant-closings and mass layoffs, but simply to afford to workers a modicum of protection from the economic impact of unexpected job

Consequently, the Court finds that class certification under Rule 23(b)(2) is inappropriate.

### 2. *Rule 23(b)(3) Class*

█ To the contrary, the Court finds that certification under Rule 23(b)(3), is appropriate. Under Rule 23(b)(3), the Court must make two specific findings: "[1] that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.RULE CIV.P. 23(b)(3). In so doing, the Court should consider the following factors:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

FED.R.CIV.P. 23(b)(3)(A)–(D).

As discussed above, establishing WARN liability turns on straightforward issues regarding whether Defendant is an "employer" under WARN; whether a "mass layoff" or "plant closing" took place on or about February 27, 1999; and, if so, whether Defendant gave the proper notice required by WARN. *See* § 2101(a)(1). The employer may also establish defenses common to the entire class. *See, e.g.* § 2104(a)(4) (establishing defense of employer's "good faith" and "reasonable grounds" to believe contested action not contrary to WARN); § 2102(2)(A) (shortening notification period where employer actively seeking capital to avoid layoffs).

Once liability is established, the strictly defined damages calculation principally will turn on wage information generally applicable to the entire class of garment workers. Assuming the class of employees is entitled

to sixty days' wages, a reasonable figure representative of the total back pay figure can be calculated without resort to individual proof. On the other hand, several aspects of WARN damages contemplate highly individual inquiries. *See* § 2104(a)(1)(A) (back pay); § 2104(a)(1)(B) (benefits, "including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred"); § 2104(a)(1) (limiting period of calculation based on employee's longevity); § 2104(a)(2) (set-offs based on actual wages paid to employee, non-obligatory monies paid to employee, and payments to third parties, such as insurance premiums). This is especially so if an individual employee incurred substantial medical expenses compensable under § 2104(a)(1)(B). Should any putative plaintiff have significant medical costs, he or she likely would wish to file an individual lawsuit. However, the likelihood of such a scenario actually coming about is not significant, and, given the opt-out provision of the 23(b)(3) action, is readily neutralized. *See* Rule 23(c)(2).

Furthermore, requiring each of the 350 employees to establish liability in an individual lawsuit simply would destroy efficiency. Moreover, there is no indication that any of the 350 allegedly affected employees likely would wish to file his or her own lawsuit. To the contrary, as Plaintiffs point out, the relatively small amount of potential damages indicates that the filing of 350 individual, repetitive lawsuits is unlikely. Plaintiffs contend, not surprisingly, that there is no similar litigation pending against Defendant based on the same events, and Defendants do not argue otherwise. The lack of such individual actions also indicates that the class members generally do not have any desire to vindicate their rights separately.

Finally, Plaintiffs contend that there is no manageability problem related to the class. Plaintiffs allege that each putative plaintiff's name and address can be obtained through Defendant's payroll records. Absent argument otherwise from Defendant, the Court

---

loss. *See Staudt v. Glastron*, 92 F.3d 312, 314 (5th Cir.1996). Accordingly, this cause is not so

like a civil rights case as to warrant declaratory relief.

assumes that such payroll records exist and can be accessed without significant problem. Moreover, this cause does not involve multiple, complex claims and issues based on conflicting state laws. *See, e.g., Castano v. American Tobacco Co.,* 84 F.3d 734, 743–44 (5th Cir.1996). Rather, Plaintiffs assert a single cause of action based on a single body of law. As such, the Court agrees with Plaintiff that there are no significant manageability problems which counsel against certification.

Accordingly, the Court finds that the common questions of law and fact predominate over the individual ones. *See* Rule 23(b)(3). The Court further finds that the class mechanism is a superior method of bringing about fair and efficient adjudication of this controversy. *See id.; see also Finnan,* 726 F.Supp. at 461 (finding WARN Act cases particularly amenable to class litigation).

### C. Notice to Class

Because the Court certifies Plaintiffs' class action under Rule 23(b)(3), the Court "shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Rule 23(c)(2). This requirement has been interpreted to require individual notice where the name and last known address of a class member is known or capable of readily being identified from available business or public records. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 175, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732 (1974); *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1096 (5th Cir.1977).

Plaintiffs also state that they have secured financing to assist with the cost of mailing notice to individuals, a burden Plaintiffs unquestionably bear. *See Nissan Motor,* 552 F.2d at 1102 (*citing Eisen,* 417 U.S. at 176–79, 94 S.Ct. at 2152–53). Moreover, Plaintiffs must also bear the expense of compiling a list with the name and most recent address of each alleged class member, whether such a list is based on information received from Defendant or otherwise. *See id.* ("Upon commencing a class action, the class representatives must be prepared to accept the concomitant responsibility of identifying absentee class members as well as paying the costs of their individual notice."). The notice must also comply with the provisions of Rule 23(c)(2).

Finally, Plaintiffs also propose notification techniques in lieu of individual notice: (a) publication of notice in a weekend edition of the *El Paso Times* newspaper; (b) publication of notice in Spanish in a weekend edition of a newspaper of general circulation in Ciudad Juarez, Mexico; and (c) posting of notice in places where garment workers congregate. While not ideal notice, and by no means a substitute for individually mailed notice when appropriate, *see Eisen,* 417 U.S. at 175, 94 S.Ct. at 2151, the Court finds that such publication may be appropriate upon good cause shown. However, the Court declines to so decide at this time.

Accordingly, after due consideration, the Court is of the opinion that the following Orders should enter:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Class Certification is **GRANTED,** and the following class is certified:

> All employees who worked for American Garment Finishers Corporation in El Paso, Texas, who suffered an employment loss on or about February 27, 1999, and who did not receive sixty (60) days advance written notice of such plant closing or mass layoff.

**IT IS FURTHER ORDERED** that Plaintiffs amend their Complaint to eliminate therefrom any allegation which refers to persons not employed by Defendant on or about February 27, 1999, including any named, representative plaintiff.

**IT IS FINALLY ORDERED** that Plaintiffs submit to the Court, **on or before March 3, 2000,** a proposed notice to the class which is consistent with this Order and the provisions of Federal Rule of Civil Procedure 23, and a list of all ascertainable class members which includes each class member's last known mailing address.