JAMES E. GRAVES, JR.,
Circuit Judge, concurring in the judgment only:
I would reverse the district court’s affir-mance of the bankruptcy court’s denial of class certification and dismissal of this class adversary proceeding. Nevertheless, I concur in the judgment insofar as it requires the bankruptcy court to reconsider its holding.
In its Federal Rule of Civil Procedure 23 “numerosity” and “superiority” analy-ses,[1] the bankruptcy court erred as a matter of law in applying bankruptcy-related factors such as the expense to the estate in litigating a class adversary proceeding.[2] There is a distinction between: (a) the necessity of the district court’s strict adherence to Rule 23’s “specified criteria”[3] in class adversary proceedings; and (b) the district court’s discretionary ability to consider other factors under Federal Rule of Bankruptcy Procedure 9014 in contested matters, which include proofs of claim. The Eleventh Circuit has explained this distinction in simple terms: “Rule 23 may be invoked in two circumstances: in an adversary proceeding and in a contested matter. Pursuant to the terms of Bankruptcy Rule 7023, Rule 23 applies in any adversary proceeding. Also, under Bankruptcy Rule 9014, the bankruptcy judge may at his discretion apply Bankruptcy Rule 7023, and by extension Rule 23, in a contested matter.” In re Charter Co., 876 F.2d 866, 873 (11th Cir.1989).
Indeed, the Supreme Court has held that Rule 23 “says that if the prescribed preconditions [i.e. Rule 23’s specified criteria] are satisfied ‘a class action may be maintained ’ (emphasis added) — not ‘a class action may be permitted.’ ” Shady Grove Orthopedic Assocs., 130 S.Ct. at 1438 (2010). The Court continued, “[c]ourts do not maintain actions; litigants do. The discretion suggested by Rule 23’s ‘may’ is discretion residing in the plaintiff: He may bring his claim in a class action if *902 he wishes.” Id. Here, even the Trustee appears to have acknowledged that the bankruptcy court lacks discretion to consider criteria unrelated to the enumerated Rule 23 factors in its class certification determination of this adversary proceeding:
Court: “In making the determination about whether or not to certify a class, are you saying that’s not a pure Rule 23 analysis in a bankruptcy proceeding?”
Trustee: “In a lawsuit [i.e. bankruptcy adversary proceeding], it is a pure Rule 23 analysis.”
Oral Argument at 31:50.
As Judge King correctly recognizes, we are called to adjudicate the denial of class certification in the WARN Act adversary proceeding, not the WARN Act class proof of claim. Therefore, it is undisputed that this requires a pure Rule 23 analysis. Considering bankruptcy-related factors such as the expense to the estate in litigating a class adversary proceeding is a departure from a pure Rule 23 analysis because those factors fall outside of Rule 23’s “specified criteria” of, inter alia, the four factors enumerated in Rule 23(b)(3)(A)-(D). The bankruptcy court thus erred as a matter of law.
I.
Following a pure Rule 23 analysis, I would reverse the bankruptcy court’s denial of class certification. Because Judge King bases her holding on the Rule 23(b)(3) “superiority” analysis, I focus on that.[4]
Judge King’s opinion explicitly addresses only one of the four enumerated Rule 23(b)(3) “superiority” factors: “the extent and nature of any litigation concerning the controversy already commenced by or against members of the class.” Fed. R.Civ.P. 23(b)(3)(B). This factor supports class certification. The related WARN Act class proof of claim was simply filed as a precautionary measure, and bankruptcy courts have held that the class adversary proceeding is a preferable way to adjudicate WARN Act claims, as opposed to the proof of claim process. See, e.g., In re Taylor Bean & Whitaker Mortg. Corp., 2010 WL 4025873, *3 (Bankr.M.D.Fla. Sept. 27, 2010) (unpublished) (“resolving the WARN Act claims collectively through a class action adversary proceeding will be more efficient than handling them in a piece-meal fashion through the claims process.”); In re First NLC Fin. Servs., LLC, *903 410 B.R. 726, 730 (Bankr.S.D.Fla.2008) (“if the class is certified, the Court finds that as between an adversary proceeding and the claims process, an adversary proceeding has the potential to provide a less protracted and more efficient litigation framework.”).
Lending further weight for class certification under this factor, the Bankruptcy Court for the Southern District of Texas has held that the “greatest indication that a class action [adversary proceeding] would be superior to other available methods of adjudication” is a “negative value suit.” In re Wilborn 404 B.R. 841, 868 (Bankr.S.D.Tex.2009) (citations omitted), vacated on other grounds, 609 F.3d 748 (5th Cir.2010)[5]; see also In re Charter Co., 876 F.2d at 871 (“[T]he effort and cost of investigating and initiating a claim may be greater than many claimants’ individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure.”); Collier on Bankruptcy ¶ 7023.03(3) (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (“It could be economically impossible for each class member to proceed on an individual basis.”). Since this is clearly a “negative value suit” — the cost to each worker to litigate his or her own WARN Act proof of claim would almost certainly outweigh the value of the claim[6] — it only makes sense to pursue the claims as a class in an adversary proceeding.
Additionally, the Bankruptcy Court for the Southern District of Florida has explained why the class adversary proceeding is more efficient and fairer to putative WARN Act class members than the proof of claim process: “resolution of the WARN Act claims will be expedited and handled more efficiently in a class adversary proceeding because [it] will also require the Trustee to state any objections to claims that she may have more promptly than would be required in the normal claims objection process.” In re First NLC Fin. Services, LLC, 410 B.R. at 730. Even in a class proof of claim, which Judge King concedes may not even be available in this circuit, the trustee would still be able to delay consideration of the class proof of claim to the detriment of the putative WARN Act creditors,[7] while a class adversary proceeding would require the trustee to consider the claim earlier.
Each of the other three enumerated Rule 23(b)(3) “superiority” factors also supports class certification of the adversary proceeding. The first factor, “the interest of members of the class in individually controlling the prosecution or defense of separate actions,” Fed.R.Civ.P. 23(b)(3)(A), favors class certification. No former employee other than Teta filed a WARN Act proof of claim, indicating that the interest of putative class members in individually controlling the case would be low. The second factor, discussed above, falls in favor of class certification. As for the third factor, “the desirability or undesirability of concentrating the litigation of the claims in the particular forum,” Fed. R.Civ.P. 23(b)(3)(C), no one disputes the propriety of concentrating the litigation of the claims in the bankruptcy court. And the fourth factor, “the difficulties likely to *904 be encountered in the management of a class action,” Fed.R.Civ.P. 23(b)(3)(D), supports class certification because, as further discussed below, WARN Act claims are especially well-suited for class treatment. Gomez v. Am. Garment Finishers Corp., 200 F.R.D. 579, 584-85 (W.D.Tex. 2000) (holding that there is no manageability problem related to the class in a WARN Act claim); see also Finnan v. L.F. Rothschild & Co., Inc., 726 F.Supp. 460, 465 (S.D.N.Y.1989) (“The WARN Act seems particularly amenable to class litigation.”).
II.
Assuming arguendo that it is proper to consider the bankruptcy-related factors stated by Judge King in determining whether Rule 23(b)(3)’s “superiority” requirement is satisfied, those factors also weigh in favor of granting class certification of this adversary proceeding. Among the bankruptcy-related factors Judge King deems appropriate for consideration are: (1) the cost to the debtor’s estate of a class adversary proceeding, and (2) class counsel’s fee in a class adversary proceeding.
With respect to the cost to the debtor’s estate, courts have recognized that treating WARN Act claims as a class adversary proceeding actually is the best way to preserves the estate’s assets. In granting class certification of a WARN Act adversary proceeding, the Bankruptcy Court for the Northern District of Alabama wrote “it is in the best interests of the putative class members, judicial economy, and even [the debtor’s estate] to an extent to adjudicate these matters in one single action.” In re Bill Heard Enters., Inc., 400 B.R. 795, 803 (Bankr.N.D.Ala.2009) (emphasis added). The court continued, “principles of judicial economy and preservation of the bankruptcy estate require this Court to select one of the adversary proceedings to resolve the WARN Act claims rather than allowing each of the actions involving the same claims to proceed.” Id. at 804 (citing In re Protected Vehicles, Inc., 397 B.R. 339, 346 (Bankr.S.C.2008)). Indeed, the expense of litigating multiple proofs of claim, not to mention the costs the Trustee has already incurred in fighting these relatively low-value WARN Act claims, appear to present more of a risk of unnecessarily depleting the estate’s assets than anything else.
There is no need to remand the case for the bankruptcy court to enter its findings of fact and conclusions of law on the relative complexity of adjudicating the claims, including “whether the Trustee has or intends to assert any defenses.” The Trustee has already complicated the WARN Act class proof of claim, as demonstrated by the following three defenses she has asserted to the class proof of claim: (1) “class claims are not allowed in bankruptcy,” In re TWL Corp., Ch. 7 Case No. OS-42773, Brief in Support of Trustee’s Objection to Teta’s WARN Act Class Proof of Claim 3, Bankr. E.D. Tex. ECF No. 401; (2) even if class claims were allowed, Teta did not timely file for class treatment of the WARN Act claim, id. at 5-6; and (3) even if class claims were allowed, the WARN Act class claim should be disallowed for the very same reasons the bankruptcy court denied class certification of this adversary proceeding (numerosity and superiority), id. at 6-11. These defenses are material to the class certification analysis in this WARN Act adversary proceeding because they attest to the superiority of the class adversary proceeding over the proof of claims process.[8]
The Trustee’s defenses will require attorneys to litigate the issues, especially since Judge King’s opinion acknowledges that the class proof of claim may not even *905 be an option. Workers cannot be expected to proceed pro se in the claims process and Teta’s counsel, which has litigated roughly 100 WARN Act cases, states that individually-filed WARN Act claims are simply unheard of. Appellant’s Reply Br. at 6; Oral Argument at 14:50. Indeed, as this case has demonstrated with only one individual WARN Act proof of claim filed, the average worker that has just lost his or her job does not read a bankruptcy court’s notice to creditors and decide to file a WARN Act proof of claim. If he or she can decipher the language of the notice, she would then need to: (1) be familiar with the WARN Act, which is nowhere referenced in the notice; (2) know that she has a potential WARN Act claim and navigate the proof of claim form; and (3) be prepared to litigate the claim when her former employer’s estate contests it. This may be a reasonable expectation of commercial creditors, but for an ordinary worker owed a few thousand dollars in back wages, it is a formidable task.
With respect to class counsel’s fee in an adversary proceeding, the fee does not deplete the assets in the bankruptcy estate. The class counsel’s fee derives from any funds awarded to class members, and is not awarded in addition to the damages that the estate pays to the class members. If anything, then, the only fees depleting the estate’s assets are those charged by the Trustee and her attorneys.
III.
Class WARN Act filings in bankruptcy are not new, and while some courts have opted to adjudicate them through the bankruptcy claims process, just as many or more have found the class adversary proceeding a superior adjudication structure for the reasons articulated above. See 2 Employee and Union Member Guide to Labor Law § 10:14 (Labor and Employment Law Committee, National Lawyers Guild 2012) (surveying courts’ recent treatment of WARN Act class filings; ‘WARN Act claims are very often handled by bankruptcy courts in adversary proceedings, though some courts have dismissed adversary proceedings in favor of adjudication through the bankruptcy claim allowance/disallowance process.”).
I would reverse the denial of class certification and dismissal of the adversary proceeding because, under a pure Rule 23 analysis or even applying bankruptcy-related factors, joinder would be impracticable and the class adversary proceeding would be the superior way to handle the putative plaintiffs’ WARN Act claims. Nevertheless, I concur in the judgment insofar as it requires the bankruptcy court to reconsider its denial of class certification.

.As relevant to this case, Rule 23 states that class actions may be maintained if: “the class is so numerous that joinder of all members is impracticable," Fed.R.Civ.P. 23(a)(1) (numer-osity), and “a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3) (superiority). The following enumerated factors are to be considered in the "superiority” analysis:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.
Fed.R.Civ.P. 23(b)(3).

. Of course, in determining whether to certify a class adversary proceeding, it is impossible to avoid considering some factors related to the bankruptcy' — Teta filed this adversary proceeding in the midst of TWL's Chapter 7 bankruptcy proceeding. Therefore, I use the term “bankruptcy-related factors” to specifically reference factors unrelated to those four factors enumerated in Rule 23(b)(3)(A)-(D), as well as factors that are not applicable under Rule 23(a)(1).

. Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431, 1437, 176 L.Ed.2d 311 (2010) (Scalia, J.) ("By its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action.”).

. The Rule 23(a) "numerosity” analysis also favors class certification of this adversary proceeding. Judge King is correct that courts "must not focus on sheer numbers alone” in determining whether joinder is impracticable. Pederson v. Louisiana State Univ., 213 F.3d 858, 868 (5th Cir.2000) (citations omitted). Nevertheless, we have ruled that a class of "100 to 150 members [] is within the range that generally satisfies the numerosity requirement.” Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir.1999) (citation omitted). Moreover, the putative class here contains 130 plaintiffs, and bankruptcy and district courts — including at least one court in our circuit — have certified WARN Act classes of between 50 to 160 putative plaintiffs. See, e.g., Grimmer v. Lord Day & Lord, 1996 WL 139649, *11-12 (S.D.N.Y.1996) (unpublished) (certifying WARN class of 92); Finnan v. L.F. Rothschild & Co., Inc., 726 F.Supp. 460, 465 (S.D.N.Y.1989) (certifying WARN class of 127); In re CQMS Razer (U.S.), LLC, Ch. 7 Case No. 11-13291, Adv. Pro. No. 12-01003 (Bankr.W.D.La. Oct. 2, 2012) (certifying class of approximately 160 and approving WARN Act settlement); In re Spring Ford Indus., Inc., 2004 WL 231010, *6 (Bankr.E.D.Pa. Jan. 20, 2004) (unpublished) (holding that “alleged class size of 150 to 270 terminated employees clearly meets the greater-than-forty requirement of [the Third] [Circuit.”); In re Kaiser Group Int’l, Inc., 278 B.R. 58, 64 (Bankr.D.Del.2002) (certifying WARN class of 47). This putative class fits well within that range.

. "A negative value suit is a case in which the costs of enforcement in an individual action would exceed the expected individual recovery.” Id. (quotations omitted).

. Teta asserts that each individual claim would be minimal — "60 days wages is all, it's a couple of thousand dollars for most people.” Oral Argument at 8:12.

.As discussed below, however, the Trustee here has already objected to the WARN Act class proof of claim for the very reason that a class proof of claim is not allowed in this circuit.

. Moreover, the Trustee’s first defense — that the class proof of claim is not even an option *905 for Teta — lends further support to adjudicating the WARN Act claims as a class adversary proceeding, which the Trustee concedes is permissible.