In re FIRST NLC FINANCIAL
SERVICES, LLC, Debtor.

Angelie Johnson and Fran Kramer, on
behalf of themselves and all others
similarly situated, Plaintiffs,

v.

First NLC Financial Services, LLC,
d/b/a First NLC, d/b/a the Lending
Center, d/b/a Florida Mortgage Net-
work, NLC, Inc., First NLC, Inc. and
Friedman, Billings & Ramsey Group,
Inc., Defendants.

Bankruptcy No. 08–10632–BKC–PGH.
Adversary No. 08–1130–BKC–PGH–A.

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

Aug. 11, 2008.

Joshua C. Prever, Miami, FL, for Debtor.

Arthur J. Spector, Esq., Ft. Lauderdale, FL, Paul A. Avron, Esq., Paul Steven Singerman, Esq., Miami, FL, for Debtor/Defendant.

Brett M. Amron, Esq., Miami, FL, for Plaintiffs.

### *MEMORANDUM ORDER DENYING WITHOUT PREJUDICE MOTIONS TO DISMISS ADVERSARY COMPLAINT AND SETTING STATUS CONFERENCE*

PAUL G. HYMAN, Chief Judge.

**This matter** came before the Court for hearing on May 8, 2008, upon the First NLC Financial Services, LLC's ("First NLC" or "Debtor") *Motion to Dismiss Second Amended Class Action Adversary Proceeding Complaint* ("First NLC Motion to Dismiss"), and Friedman, Billings & Ramsey Group, Inc.'s ("FBR", and collectively with First NLC the "Defendants") *Motion to Dismiss Plaintiffs' Second Amended Class Action Adversary Proceeding Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim* ("FBR Motion to Dismiss" and, collectively with the First NLC Motion to Dismiss, the "Motions to Dismiss"). The Motions to Dismiss seeks dismissal of the *Second Amended Class Action Adversary Proceeding Complaint.*

### *PROCEDURAL POSTURE AND BACKGROUND*

On January 18, 2008, First NLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

On February 7, 2008, Angelie Johnson and Fran Kramer (collectively, the "Plaintiffs") filed a Class Action Adversary Proceeding Complaint on behalf of themselves and other similarly situated former employees of the Debtor who were allegedly terminated without at least 60 days prior written notice in violation of their rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"), and the California Labor Code § 1400 *et seq.* On February 15, 2008, Plaintiffs filed a *First Amended Class Action Adversary Proceeding Complaint,* and on April 14, 2008, Plaintiffs filed a *Second Amended Class Action Adversary Complaint* (the "Complaint") which is the subject of the Motions to Dismiss. Plaintiffs' claims are based on terminations occurring on or about November 30, 2007 and January 11, 2008. Plaintiffs' prayer for relief seeks, among other things, a determination that the WARN Act and California Labor Code claims for employees terminated in Janu-

ary 2008 are administrative expenses under 11 U.S.C. § 503(b)(1)(A)(ii), or alternatively, that the first $10, 950. 00 of the WARN Act claims of each claimant are eligible for 11 U.S.C. § 507(a)(4) and (a)(5) priority status with the remainder being a general unsecured claim. First NLC represents that it scheduled the claims of former employees as fourth and fifth priority claims under § 507(a)(4) and (a)(5) up to $10,950.00 with the balance, if any, scheduled as general unsecured claims. (Main Case D.E. # s 147, 298 and 373).

Plaintiffs also allege that the Debtor is "an indirect wholly-owned subsidiary of FBR", and that FBR and First NLC constitute a "single employer" of the Plaintiffs for purposes of the WARN Act. Plaintiffs seek joint and several judgment against First NLC and FBR. FBR is not a debtor under title 11 of the United States Code.

In addition to the Complaint, on April 28, 2008, the Plaintiffs filed a *Motion for Class Certification and Other Relief* ("Class Certification Motion") seeking, in part, certification of the putative class pursuant to Bankruptcy Rule 7023, appointment of the Plaintiffs as class representatives, and appointment of Plaintiffs' counsel as class counsel. FBR filed a Response opposing the Class Certification Motion and First NLC filed a joinder in FBR's Response.

On May 9, 2008, the Debtor's case was converted from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code, and Deborah C. Menotte was subsequently appointed as the Chapter 7 trustee of the Debtor's estate. The new post-conversion claims bar date is September 11, 2008.

As more fully discussed below, the Court denies the Motions to Dismiss and herewith sets a status conference on the class certification issues.

## CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

"In ruling on a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all well-pleaded facts alleged by the plaintiff are accepted as true." *Mann v. Kendall Props. & Invs., LLC (In re AS Mgmt. Servs., Inc.)*, 2007 WL 2377082, at *2 (Bankr.S.D.Fla. Aug.16, 2007). The Eleventh Circuit recognizes that there are exceptions to the general rule that, in deciding a motion to dismiss, a trial court may consider only the allegations within the four corners of the complaint. *See Long v. Slaton*, 508 F.3d 576, 578 n. 3 (11th Cir. 2007) ("At the 12(b)(6) stage, we primarily consider the allegations in the complaint, but the court is not always limited to the four corners of the complaint." (internal quotations omitted)). One exception is that "a court may take judicial notice of the public record on a motion to dismiss without converting the motion to a motion for summary judgment." *Makro Capital of Am., Inc. v. UBS AG*, 436 F.Supp.2d 1342, 1350 (S.D.Fla.2006) (citations omitted). Public records include court filings. *Id.* In adjudicating this matter, the Court takes judicial notice of the filings in the main case.

### B. Adversary Proceeding is Appropriate for Class WARN Act Claims

█ The Complaint alleges that there are approximately 200 claimants in the putative class. Without expressing any opinion on whether the putative class is capable of certification under Bankruptcy Rule 7023, the Court finds that if the putative class meets the requirements for class certification, a class action adversary proceeding to resolve the claims of former employees is appropriate. The reason for this holding is one of practicality. If the

Court were to dismiss this class action adversary proceeding, the Plaintiffs still would be entitled, and have adequate time, to file a class·proof of claim before the claims bar date. The Eleventh Circuit has determined that class proof of claims are permitted in bankruptcy proceedings. *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989). However in *Charter*, the Eleventh Circuit also determined that until an objection to a class proof of claim is filed there exists no contested matter, and in the absence of a contested matter, certification of such a class pursuant to Rule 7023 is premature. *Id.* at 874 (determining that class certification motion for class claim filed before the bar date was timely where objection to claim was not made for two years); *but see In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y.2005)(objection to class proof of claim is not a necessary prerequisite to a motion for class certification).

Recognizing that Plaintiffs are entitled to file a class proof of claim, the Court finds that if the class can be certified, handling of the WARN Act claims in an adversary proceeding is appropriate and preferable to the claims procedure. The Defendants have argued that an adversary proceeding is duplicative of the normal bankruptcy claims process and that the claims process is capable of resolving disputed claims. As a general proposition, the Court does not disagree. However, in this matter the Court finds that resolution of the WARN Act claims will be expedited and handled more efficiently in a class adversary proceeding because the claims will be handled collectively rather than in a piece meal fashion. An adversary proceeding will also require the Trustee to state any objections to claims that she may have more promptly than would be required in the normal claims objection process. In addition, the class certification issues can be brought before the Court

now, without the necessity of waiting for an objection to be filed. Thus, if the class is certified, the Court finds that as between an adversary proceeding and the claims process, an adversary proceeding has the potential to provide a less protracted and more efficient litigation framework.

■ The Defendants also argue that there is no case or controversy requiring an adversary proceeding because no objection to any former employee claims have been filed. However, the Court notes that the Defendants have expressed opposition both to class treatment for the WARN Act claims and to classification of the claims as administrative expenses as sought in the Complaint. In opposing class treatment for the WARN Act claims, the Defendants have argued that this adversary proceeding should be dismissed because it is not "superior to other available methods for fairly and efficiently adjudicating the controversy." Bankr.R. 7023(b)(3). The Defendants further argue that the putative class action will be costly and come at the expense of other creditors with very little, if any, benefit going to only dilatory claimants and Plaintiffs' attorneys. The issue of whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy is an inquiry that the Court is directed to undertake in connection with class certification. *See* Bankr.R. 7023(b)(3). At the request of the parties, the Court is not currently considering the class certification issues. Therefore, these arguments. are premature.

Nevertheless, the Court notes that while the Debtor represents that it scheduled the WARN Act claims of former employees, it became incumbent upon creditors, including the former employee creditors, to *actually* file claims when the case converted from Chapter 11 to Chapter 7. *See*

Bankr.Rule 1019(3). This procedural requirement coupled with the fact that this Debtor does not seek to reorganize, makes the following policy considerations expressed by the Eleventh Circuit germaine:

> Bankruptcy also seeks to achieve equitable distribution of the estate. Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.

*In re Charter Co.*, 876 F.2d at 871.

Therefore, the Court will deny First NLC's Motion to Dismiss without prejudice to First NLC renewing its Motion to Dismiss if the putative class is not certified. Having determined that an adversary proceeding is appropriate, the Court does not reach Plaintiffs argument that relief pursuant to the WARN Act is equitable relief, thereby necessitating an adversary proceeding pursuant to Bankruptcy Rule 7001(7).[1]

### C. *Dismissal as to FBR*

■■ FBR argues that the Complaint should be dismissed because the Court lacks subject matter jurisdiction over a dispute between non-debtors. Bankruptcy courts have "jurisdiction in three categories of civil proceedings: those that 'arise under title 11,' 'those that arise in cases under title 11,' and those 'related to cases under title 11.'" *Welt v. MJO Holding Corp. (In re Happy Hocker Pawn Shop, Inc.)*, 212 Fed.Appx. 811, 816 (11th Cir. 2006) *(citing Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1344 (11th Cir.1999)). Core proceedings,

those arising under title 11 or those arising in cases under title 11, are limited to proceedings involving a right created by the federal bankruptcy law or proceedings that would arise only in bankruptcy. *Happy Hocker*, 212 Fed.Appx. at 816 *(quoting Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir.1987)). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding[.]" *Id.* In this matter, the Plaintiffs seek damages against FBR under the WARN Act for the Defendants' alleged failure to provide at least 60 days written notice of a mass employment termination. Since the relief sought by Plaintiffs against non-debtor FBR does not involve a bankruptcy right and brings claims typically brought outside of bankruptcy court, this is not a core proceeding.

■■ In order for this Court to have jurisdiction over a non-core proceeding, Plaintiffs' claims against FBR must at least be "related to" the bankruptcy case of the Debtor. 28 U.S.C. § 157(c)(1). The Eleventh Circuit has adopted the *Pacor* test for determining the scope of "related to" jurisdiction. *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir.1990).

> "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's

---

1. Fed. R. Bankr.P. 7001(7) states in part:
 An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

 (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Id.* (*quoting Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)).

 In addition, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1334(b)." *Pacor,* 743 F.2d at 994. Plaintiffs allege that the Debtor and FBR are a single employer for purposes of the WARN Act and that joint conduct of the Debtor and FBR resulted in the WARN Act violations. Taking these allegations as true, as the Court must in determining a motion to dismiss, the Court finds that it has related to jurisdiction over the dispute between FBR and the Plaintiffs. In *Wood,* the Fifth Circuit found that a bankruptcy court had related to jurisdiction in a proceeding where the plaintiff "filed one complaint against the [debtor and non-debtor] defendants seeking liability for their joint conduct." *Wood,* 825 F.2d at 94. The Fifth Circuit reasoned that resolution of the dispute would necessarily involve consideration of the non-debtor's involvement, and that success against any of the defendants would have a potential impact upon the estate. *Id.* The Fifth Circuit stated that if the non-debtor defendant was found jointly liable, the estate might bear only a portion of the judgment. *Id.* These same considerations are present in this case and augur for the Court to exercise related to jurisdiction over the dispute between Plaintiffs and FBR. Accordingly, the Court finds that there is a sufficient nexus between the claims against

FBR and this bankruptcy to provide the Court with related to jurisdiction over the non-debtor parties.[2] The Court will therefore deny FBR's Motion to Dismiss without prejudice to FBR renewing its motion if the putative class is not certified.

### CONCLUSION

As discussed above, the Court denies the Motions to Dismiss without prejudice to their renewal if the putative class is not certified. The Court finds that if the putative class is certified, resolution of the WARN Act claims in an adversary proceeding is appropriate. In addition, the Court finds that *vis-a-vis* the Debtor, the Court has related to jurisdiction over non-debtor FBR. Accordingly, the Court herewith schedules a status conference to set a procedure for determining the class certification issues.

### ORDER

The Court, having reviewed the Adversary Complaint, the Motions to Dismiss, the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that:

1. First NLC's Motion to Dismiss is **DENIED** without prejudice to First NLC renewing its motion if the putative class is not certified.

2. FBR's Motion to Dismiss is **DENIED** without prejudice to FBR renewing its motion if the putative class is not certified.

3. A status conference to set a procedure for determining the class certification issues is shall be conducted before the Honorable Paul G. Hyman on **September 4, 2008 at 1:30 P.M.,** at United States Bankruptcy Court, Flagler Waterview

---

**2.** This ruling does not prevent FBR from filing a motion to withdraw the reference to

District Court.

Building, 1515 North Flagler Drive, 8th Floor, West Palm Beach, Florida.