JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Washington Mutual Bank ("Washington Mutual") appeals the trial court's granting the motion to certify a class action filed by Donald L. Brandow, Jr. Washington Mutual sets forth the following two errors for our review:
 "I. The court committed reversible error by failing to conduct the requisite analysis for class action certification."
 "II. The plaintiff mortgagors failed to satisfy the requirements for a class action."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} Donald L. Brandow, Jr. filed a class action complaint against Washington Mutual on behalf of himself and "all persons who since November 19, 1998 paid off residential mortgages in Ohio where Washington Mutual * * * was the mortgagee, and where the mortgage satisfaction was not recorded within 90 days of satisfaction" as required by R.C. 5301.36(B). Pursuant to R.C. 5301.36(C), this entitled Brandow and the class to automatic damages in the amount of $250.
 {¶ 4} Brandow and Washington Mutual filed briefs and supporting materials regarding whether the action should be maintained as a class action. No hearing was conducted. The trial court granted the motion for class certification, stating:
 "Upon review of the motion for class certification and reply brief of plaintiffs and the brief in opposition of defendant Washington Mutual Bank, the Court finds that plaintiffs have met all of the requirements for maintaining a class action under Civil Rule 23." *Page 4 
The court then went on to define the class as:
 "All persons who since November 20, 1998 paid off residential mortgages recorded in Ohio, where Washington Mutual Bank (or Washington Mutual Home Loans, Inc. or any other entity acquired or merged with or otherwise now a part of Washington Mutual Bank, including any of its affiliates, subsidiaries, and/or related lending institutions) was the mortgagee, and where the mortgage satisfaction was not recorded within 90 days of satisfaction."
 Failure to Conduct a Rigorous Analysis {¶ 5} In its first assigned error, Washington Mutual argues the trial court erred because it did not engage in the "rigorous analysis" required by Hamilton v. Ohio Savings Bank,[1] as evidenced by the fact that the court did not engage in any analysis in granting the motion to certify the class.
 {¶ 6} In Hamilton, the Supreme Court of Ohio noted that while there is "no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, there are compelling policy reasons for doing so."[2] The Court stated that a lower court's failure to make such findings impeded appellate inquiry into whether the relevant factors were properly applied and given appropriate weight.[3] The Court then suggested that a trial court make *Page 5 
separate written findings as to each of the class requirements, and specify its reasons for each finding.[4]
 {¶ 7} In the instant case, the trial court summarily found that the Civ.R. 23(B)(3) requirements were met without explaining its reasons for that finding.
 {¶ 8} While trial courts should be aware that the Ohio Supreme Court has expressed a preference for findings of fact and reasons concerning each prerequisite of Civ.R. 23, nothing in Hamilton requires us to find an abuse of discretion solely because the trial court did not comply with this recommendation. We, however, do stress that it is the better practice for the trial court to set forth its analysis, especially in a case where there was no hearing as in the instant case.
 {¶ 9} Nonetheless, because the case is not complicated and because the issue of class certification regarding these mortgage satisfaction cases has been previously decided by the Ohio Supreme Court in In reConsolidated Mortgage Satisfaction Cases,[5] we find there is no reason to remand the case for findings.
 {¶ 10} Washington Mutual argues that reliance on In reConsolidated is improper because it did not resolve the issue raised by the Second District Court of *Page 6 
Appeals in Gilbert v. Fifth Third Bank[6] ; therefore, an analysis by the trial court is necessary.
 {¶ 11} In Gilbert, the court held that the mortgagee complied with its obligation pursuant to R.C. 5301.36(B) to record the satisfaction by presenting the satisfaction to the county recorder's office within 90 days. The court held that the bank could not be held responsible for the delayed action or inaction by the county recorder. However, the issue in the Gilbert case goes to the merits of the case. It is well established that a trial court cannot consider the merits of a legal claim in deciding the propriety of class certification.[7] Accordingly, Washington Mutual's first assigned error is overruled.
 Class Requirements {¶ 12} In its second assigned error, Washington Mutual claims the certification was improper because the requirements pursuant to Civ.R. 23 were not met. We disagree.
 {¶ 13} Under Civ.R. 23, seven prerequisites must be met before a court may certify a case as a class action:
 "(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of *Page 7 
the class; (3) the class must be so numerous that joinder of all members is impractical; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be satisfied."[8]
 {¶ 14} Washington Mutual claims Brandow has failed to satisfy the requirements of identifiable class, numerosity, commonality, and the parties do not fairly represent the class. It also claims that common questions do not predominate and the class was not a superior method to resolve the dispute.
(1) Class not identifiable and unambiguous {¶ 15} Washington Mutual claims the class is not identifiable or unambiguous because it has an open-ended time limit, includes members that cannot recover pursuant to the holding in Gilbert, and, pursuant toGilbert an individual inquiry is necessary for each party member to determine when the mortgage was paid and when the satisfaction statement was presented to the recorder's office.
 {¶ 16} The class description need only be definite enough for it to be feasible for the court to determine if someone is a member.[9] The fact that the class is open-ended is not determinative regarding whether the class is identifiable. As the *Page 8 
Supreme Court in Planned Parenthood Assn. of Cincinnati, Inc. v. ProjectJericho,[10] held:
 "Civ.R. 23 does not require a class certification to identify the specific individuals who are members so long as the certification provides a means to identify such persons * * *. The fact that members may be added or dropped during the course of the action is not controlling. The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class."[11]
 {¶ 17} Thus, identifiability requires clarity in the class description. The class certified in the instant case is clear. It includes;
 "All persons who since November 20, 1998 paid off residential mortgages recorded in Ohio, where Washington Mutual Bank (or Washington Mutual Home Loans, Inc. or any other entity acquired or merged with or otherwise now a part of Washington Mutual Bank, including any of its affiliates, subsidiaries, and/or related lending institutions) was the mortgagee, and where the mortgage satisfaction was not recorded within 90 days of satisfaction."
 {¶ 18} This class definition is similar to the definition that appeared in Rosette v. Countrywide Home Loans, Inc.,1[12] in which the Supreme Court affirmed the class certification. Moreover, any claimed defect in a proposed class definition is not grounds to deny class certification. If there is a problem with the proposed class, the class can be redefined by the court.[13] *Page 9 
 {¶ 19} Washington Mutual also claims that the class includes people that cannot recover under the decision in Gilbert, and that an individual inquiry would be needed to determine if the member is excluded by Gilbert. As we stated in the first assigned error, determining whether the Gilbert case excludes class members goes to the merits of the case; the merits cannot be considered in determining whether to certify a class.[14]
 {¶ 20} Moreover, there is nothing in the record to support Washington Mutual's claim that an individual inquiry would be required for each class member to determine the date the termination statement was sent to the recorder's office, because there is no evidence in the record that any of the releases were late due to the recorder's office failure to timely file. Moreover, the Ohio Supreme Court rejected the "individual inquiry" argument when it was raised in In re Consolidated.
The Court explained as follows:
 "While appellees assert that sifting through these facts in a class action suit will be arduous, we are not compelled to agree. The mere existence of different facts associated with the various members of a proposed class is not by itself a bar to certification of that class. If it were, then a great majority of motions for class certification would be denied. Civ.R. 23(B)(3) gives leeway in this regard and permits class certification, where there are facts common to the class members."[15] *Page 10 
 {¶ 21} Lastly, Washington Mutual contends the class ambiguously defines Washington Mutual because it includes "Washington Mutual Bank" and "Washington Mutual Home Loans, Inc. or any other entity acquired or merged with or otherwise now a part of Washington Mutual Bank including any of its affiliates, subsidiaries, and/or related lending institutions." Washington Mutual failed to raise any objection to this definition of the class in the court below; therefore, for purposes of appeal, it has waived this argument.[16]
(2) Numerosity and commonality {¶ 22} Washington Mutual also contends that there is no evidence of numerosity because the Gilbert decision could affect the number of class members and that likewise, there was uncertainty as to commonality. However, as we stated above, the Gilbert decision goes to the merits of the action, and is not an appropriate consideration when determining the certification of a class.
 {¶ 23} Washington Mutual also maintains that the class has only one relevant claimant. However, Washington Mutual stipulated at least forty mortgages were at issue. Although Washington Mutual contends that the court's decision in Gilbert would affect this number, no evidence was presented by Washington Mutual that the respective county recorder's office was responsible for any late filing.
(3) Plaintiffs cannot fairly and adequately represent the class *Page 11 {¶ 24} Washington Mutual contends the plaintiffs cannot fairly and adequately represent the class because the members did not include their spouses and they only requested statutory damages.
 {¶ 25} Washington Mutual does not explain why the plaintiffs' failure to include their spouses in the suit makes them inadequate to be class representatives. In addition, the plaintiffs attached to their brief in response to Washington Mutual's brief opposing certification, documents indicating the spouses assigned their rights to the class action to the plaintiffs. Washington Mutual argues the assignments are not notarized, and, therefore, flawed. However, it failed to raise this argument in the court below. Therefore, it has waived any error as to the authenticity of these documents.[17]
 {¶ 26} Washington Mutual also argues that the plaintiffs are inadequate to represent the class because they are only pursuing statutory damages. This argument has been previously rejected by this court. In Jenkins v. Fidelity Fin. Servs. of Ohio,[18] we held:
 "Fidelity asserts that typicality is not met since other class members may assert additional claims which would be barred by the doctrine of res judicata since Jenkins seeks only to obtain the statutory sum of *Page 12 
$250 per claim within the class action. We cannot accept this argument since other claimants wishing to advance additional claims would simply decline to join the action and therefore preserve their individual rights. Further, as the Hamilton Court observed, `The fact that appellants present additional claims for failure of their loans to amortize within its intended term does not preclude the representation of these subclasses.'") 82 Ohio St. 3d at 74.
 "Fidelity also asserts that each claim sought to be advanced is too individualized to warrant class treatment since it must be analyzed on the basis of its own facts. This requirement, commonality, is met if there is a common nucleus of operative facts. 82 Ohio St. 3d at 77. This factor is met herein since the entire named class has allegedly not received timely recordation of mortgage satisfaction."
 {¶ 27} Therefore, because the parties who desire to pursue more than statutory damages have the opportunity to opt out of the class, the plaintiffs are not inadequate representatives.
(4) Common Questions of Fact and Superior Method {¶ 28} Washington Mutual claims the plaintiffs have failed to present evidence demonstrating that common evidence can prove the class claims. It claims there is no method available upon which to establish the date the mortgages were actually recorded, because Washington Mutual does not track the recording of mortgage satisfactions; thus, each claim would require separate discovery. In addition, Washington Mutual claims pursuant to the Gilbert decision, it would also have to set forth evidence of when the satisfactions were presented to the recorders office, which would require a separate inquiry for each case. For the same reasons, Washington Mutual claims a class action would not be the superior method of *Page 13 
adjudicating the parties' disputes, because the discovery involved would be unmanageable on a class-wide basis.
 {¶ 29} We conclude the elements of commonality and predominance are met. The case has threshold common issues which predominate over any relevant individual issues. The questions are identical and simple for all class members: a determination of the date that the class member's mortgage was paid off (information that Washington Mutual would have in its records) and whether the release was recorded on time (information that is available from Washington Mutual's records as well as from the county recorder).
 {¶ 30} Moreover, a class action is the superior method for the fair and efficient adjudication of damages because it is not feasible for class members to file and litigate their own $250 cases. "Class actions * * * permit the plaintiffs to pool claims which would be uneconomical to litigate individually * * * [M]ost of the plaintiffs would have no realistic day in court if a class action were not available."[19] In fact, in In re Consolidated,[20] the Ohio Supreme Court recognized the discovery involved in these mortgage satisfaction cases:
 "In answering the common legal question, the trial court will need to gather evidence relating to each mortgagor-mortgagee relationship. For example, evidence will need to be presented concerning each appellant's date of indebtedness and date of mortgage satisfaction. As *Page 14 
noted by appellants, it is possible that the facts surrounding each claim can be systematically obtained in a single adjudication through the use of bank records and databases. The facts to be presented are not so complicated that use of the class action tool would be unduly cumbersome. Instead, the nature of this evidence demonstrates that there is factual commonality among class members."[21]
 {¶ 31} Thus, in spite of Washington Mutual's contention that the discovery would be arduous, we conclude that because the facts are not complicated, the use of the class action as a method for resolving the disputes is not unduly cumbersome, even if it would also involve determining when the county recorder's office received the satisfaction.
 {¶ 32} Despite the court's lack of explicit findings and reasons concerning some of the prerequisites of Civ.R. 23, we cannot conclude that the court abused its discretion in reaching its decision Accordingly, Washington Mutual's second assigned error is overruled.
Judgment affirmed.
It is, therefore, considered that said appellees recover of said appellant their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] 82 Ohio St.3d 67, 1998-Ohio-365.
[2] Id. at 70.
[3] Id. at 71.
[4] Id.
[5] 97 Ohio St.3d 465, 2002-Ohio-6720.
[6] 159 Ohio App.3d 56, 2004-Ohio-5829.
[7] Ojalvo v. Board of Trustees (1984), 12 Ohio St.3d 230; Dubin v.Sec. Union Title Ins. Co., 162 Ohio App.3d 97, 2005-Ohio-3482 at ¶ 21;Pyles v. Johnson, 143 Ohio App.3d 720, 2001-Ohio-2478.
[8] In re Consol. Mtge. Satisfaction Cases, supra at ¶ 6.
[9] Hamilton, supra at 71-72.
[10] (1990), 52 Ohio St.3d 56.
[11] Id. at 63.
[12] 105 Ohio St.3d 296, 297, 2005-Ohio-1736.
[13] Baughman v. State Farm Mut. Auto Ins. Co., 88 Ohio St.3d 480,484, 2000-Ohio-397.
[14] Ojalvo v. Board of Trustees, supra; Dubin v. Sec. Union TitleIns. Co., supra; Pyles v. Johnson, supra.
[15] Supra at ¶ 10.
[16] Goldfuss v. Davidson, 79 Ohio St.3d 116, 121, 1997-Ohio-401;Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 220.
[17] Rodger v. McDonald's Restaurants of Ohio, Inc. (1982),8 Ohio App.3d 256, 258; Forster v. Ohio Bureau of Workers' Comp. (1994),102 Ohio App.3d 744, 747; Lytle v. City of Columbus (1990),70 Ohio App.3d 99, 104; Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78, 83; Tower City Title Agency, Inc. v. Phillips, Cuyahoga App. No. 89624, 2008-Ohio-957.
[18] (Dec 2, 1999), Cuyahoga App. No. 75439.
[19] Phillips Petroleum Co. v. Shutts (1985), 472 U.S. 797, 809.
[20] Supra.
[21] Id. at ¶ 11. *Page 1