JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant/cross-appellee, Karen Rimmer ("Rimmer") appeals from the trial court's decision denying class certification in her complaint against defendant-appellee/cross-appellant, Citifinancial, Inc. ("Citi"). Citi has cross-appealed the trial court's determination that Rimmer was entitled to summary judgment on her individual claim against Citi. For the reasons that follow, we reverse and remand.
 {¶ 2} The following facts are undisputed: On April 18, 2000, Rimmer executed a note and security agreement with Bank of Yorba Linda for $5,000. This loan agreement did not contain an arbitration clause. On November 30, 2000, Citi became the holder of Rimmer's mortgage.
 {¶ 3} On or about April 10, 2001, Rimmer paid off the loan in full. On August 16, 2001, the satisfaction of the subject mortgage was recorded with the Cuyahoga County Recorder.
 {¶ 4} On June 6, 2005, Rimmer filed a class action complaint against Citi alleging violation of R.C. 5301.36, namely, that Citi failed to file an entry of satisfaction of mortgage with the Cuyahoga County Recorder within 90 days of full payment of the mortgage. Rimmer seeks automatic damages ($250), interest, and costs as allowed under R.C.5301.36(C).
 {¶ 5} On January 25, 2006, Rimmer filed a motion and brief in support for class certification seeking to represent a class of all persons who, from March 8, 1999, paid residential mortgages in full and Citi, among other named banks, did not *Page 4 
file an entry of satisfaction of mortgage with the Cuyahoga County Recorder's office within 90 days of loan payoff.
 {¶ 6} On January 30, 2006, Rimmer filed a motion for partial summary judgment as to her individual claim against Citi. Rimmer alleged that Citi violated R.C. 5301.36 because her satisfaction was not recorded with the County Recorder's Office within 90 days. On March 1, 2006, Citi filed its cross-motion for summary judgment alleging that it signed and notarized the release, issued a check for the filing fee, and mailed the satisfaction within 90 days and that the County Recorder, for some unknown reason, failed to timely process the satisfaction.
 {¶ 7} On August 18, 2006, a hearing was held on all three motions. On January 22, 2007, the trial court issued an opinion and ruling granting summary judgment to Rimmer on her individual claim against Citi and denying judgment to Citi. Without stating its reasons, the trial court also denied Rimmer's motion for class certification.
 {¶ 8} It is from this order that Rimmer timely appeals and presents one assignment of error. Citi has also cross-appealed the trial court's denial of its motion for summary judgment. For ease of discussion, we first address the cross-appeal of Citi. Citi's two assignments of error state:
 {¶ 9} "Cross-Assignment of Error I. The trial court erred by granting plaintiff's motion for partial summary judgment when the evidence demonstrated that *Page 5 
CitiFinancial, Inc. presented the mortgage satisfaction to the County Recorder's Office fewer than ninety-days after pay-off."
 {¶ 10} "Cross-Assignment of Error II. The trial court erred by failing to grant CitiFinancial, Inc.'s cross-motion for summary judgment when the uncontroverted evidence demonstrated that CitiFinancial, Inc. presented the mortgage satisfaction to the County Recorder's Office fewer than ninety-days after pay-off."
 {¶ 11} In these assignments of error, Citi claims that the trial court erred in granting partial summary judgment to Rimmer and denying its motion for partial summary judgment.
 {¶ 12} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 13} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Page 6 Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64,66; Civ.R. 56(C).
 {¶ 14} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 15} With these principles in mind, we proceed to consider whether the trial court's grant of partial summary judgment in Rimmer's favor was appropriate.
 {¶ 16} R.C. 5301.36 requires that "within ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate County Recorder's Office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the County Recorder."
 {¶ 17} This Court has previously held that "the `filing' of a document is distinct from the `service' of a document." See Ohio Leitina Co. v.McCormack (Dec. 18, 1997), Cuyahoga App. No. 72127; Great NorthernPartnership v. Cuy. Cty. Bd. of *Page 7 Rev. (July 19, 1990), Cuyahoga App. No. 57277; Great Northern PropertiesCo. v. McCormack (March 10, 1994), Cuyahoga App. Nos. 64868, 64893, 64912, 65346, 65504, 66586. Simply mailing a document does not constitute a "filing." Rhoades v. Harris II (1999), 135 Ohio App.3d 555,557. It must be actually delivered to and received by the official custodian. Id. Pursuant to R.C. 317.12 and 317.13, the County Recorder is required to endorse the date of filing on each document filed in a case. The file-stamped date is presumed to reflect the actual date of filing or recording. Id.; citing Ins. Co. of N. Am. v. ReeseRefrig. (1993), 89 Ohio App.3d 787, 790-791. However, this presumption can be refuted by evidence showing that the recorder's office clerk received the document on a different date.
 {¶ 18} Here, Citi argues that it entitled to a presumption of timely delivery and presents the following evidence to demonstrate that it timely processed Rimmer's release: (1) the check for the filing fee was signed on April 13, 2001; (2) the satisfaction was signed and notarized on April 26, 2001; and (3) the Ohio Satisfaction and Release of Mortgage Instructions were signed on April 26, 2001. Relying upon Gilbert v.Fifth Third Bancorp, 159 Ohio App.3d 56, 2004-Ohio-5829, Citi claims that it "did everything it was required to do" and "took all necessary steps" to ensure that the mortgage satisfaction was properly recorded. Citi's reliance on Gilbert, supra, is misplaced. In Gilbert, Fifth Third presented evidence that it had a computer tracking system that noted the date of printing and of shipping and that the actual shipping date was manually entered into the tracking system. Id. *Page 8 
at 65. Here, Citi presented no independent corroborating evidence that Rimmer's release was actually mailed. Citi did not use certified mail or obtain any proof of mailing.[1] Citi did not establish that the envelope was properly addressed, had sufficient postage, and was properly deposited in the mail on April 26, 2001[2] Ms. Bodner, the financial representative who handled Rimmer's release, had no personal recollection if she actually mailed Rimmer's release.[3] Rather, she testified "that it is done that way in general in the office in my job."[4] Citi's claim that Rimmer's release was timely mailed is based solely on "the business practices and procedures at [Citi] at that time, as well as the regular course of business at the Strongsville Branch office."
 {¶ 19} For the aforementioned reasons, we find that Citi is not entitled to a presumption that Rimmer's release and satisfaction was timely filed with the County Recorder's Office. The only evidence of delivery is the "recorded" and "time-stamped" copy of Rimmer's release on August 16, 2001. This file-stamped date is presumed to reflect the actual date of filing or recording. See Rhoades v. Harris II, *Page 9 
supra. Since Rimmer's release was not filed within the time frame set forth in R.C. 5301.36, we find that Citi did violate the statute and the trial court did not err in granting partial summary judgment on Rimmer's individual claim and in denying Citi's motion for summary judgment.
 {¶ 20} Cross-assignments of Error I and II are overruled.
 {¶ 21} "I. The trial court erred in denying plaintiff's motion for class certification based on the trial court's one-sentence `opinion' that `the plaintiff has failed to meet the requirements for class certification as set forth in Ohio Civ.R. 23.'"
 {¶ 22} A trial court has broad discretion in determining whether to certify a case as a class action and an appellate court should not reverse a class action determination absent an abuse of discretion.Marks v. C.P. Chemical Co. (1987), 31 Ohio St.3d 200. However, a trial court's discretion on the question of class certification is not unlimited, and must be exercised within the framework of Civ.R. 23.Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, 70. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. Id. See, also, Brandow v. Wash. Mut. Bank, Cuyahoga App. No. 88816, 2008-Ohio-1714. The "failure to provide an articulated rationale greatly hampers an appellate inquiry into whether the relevant Civ.R. 23 factors were properly applied by the trial court and given appropriate weight, and such an unarticulated decision is less likely to *Page 10 
convince the reviewing court that the ruling was consistent with the sound exercise of discretion." Id.
 {¶ 23} Before this action may be certified as a class action, we must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable (numerosity); (4) there must be questions of law or fact common to the class (commonality); (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); (6) the representative parties must fairly and adequately protect the interests of the class (adequacy); and (7) questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Id. at 79-80.
 {¶ 24} Applying the Civ.R. 23 requirements to the case at bar, we find that Rimmer has met her burden of demonstrating the factual and legal prerequisites for class certification. First, a clearly identifiable class exists; those persons who paid off a residential mortgage with Citi, where Citi did not record the release and satisfaction within 90 days from the date of payoff.
 {¶ 25} Second, Rimmer, as the named representative, is clearly a member of the class in that her release and satisfaction was not recorded within 90 days of her *Page 11 
payoff. (See the previous assignments of error, where we held that summary judgment was properly granted for Rimmer.)
 {¶ 26} Third, it is undisputed that the class is numerous and would render joinder impracticable.
 {¶ 27} As to the fourth and seventh requirements of Civ.R. 23 — that there be questions of law or fact common to the class and that such questions predominate over individualized legal issues — there is but one question of law that clearly predominates in this case. Specifically, whether Citi violated its duty to record a satisfaction of mortgage within 90 days from the date of payoff. Even for the contracts that, unlike Rimmer's loan agreement, contain an arbitration clause, the law regarding when to record the satisfaction is unambiguous. Although there may be some different defenses and issues presented with regard to those members, they are "subordinate to the far larger common defense that [Citi] asserts against the Complaint." See Finnan v. L.F.Rothschild Co., Inc. (S.D.N.Y. 1989), 726 F.Supp. 460, 465. The fact that some members may be subject to arbitration does not compel a finding that individual issues predominate over common ones since there is still a sufficient nucleus of common issues.
 {¶ 28} The fifth requirement of Civ.R. 23 is satisfied because plaintiff's claim-that Citi failed to timely record her mortgage satisfaction — is not only typical of the class members' claims, it is identical to the claims of all members of the class. The fact that Citi might claim a defense as to other class members who have arbitration *Page 12 
clauses in their contracts does not defeat the typicality requirement, since the focus of typicality is not on the defenses to class membership, but on the defendant's conduct. See Baughman v. State FarmMut. Auto. Ins. Co., 88 Ohio St.3d 480, 483, 2000-Ohio-397.
 {¶ 29} Finally, as to the sixth requirement that plaintiff fairly and adequately protect the interests of the class, there is no evidence that Rimmer's interests conflict with other class members, nor is there any allegation that Rimmer's counsel is ill-equipped to pursue the lawsuit. Accordingly, we find that Rimmer is qualified to fairly and adequately protect the interests of the class.
 {¶ 30} In sum, pursuant to Civ.R. 23, we find that Rimmer has clearly defined an identifiable and manageable class, and that a question of law common to all members of the class predominate over any individual legal issues that may arise. A single adjudication as a class action is the most efficient and fair manner by which to resolve the matter.Schmidt v. Avco Corp., supra, at 313.
 {¶ 31} Rimmer's sole assignment of error is sustained. The trial court's denial of the motion for class certification is reversed and the matter remanded for further proceedings consistent with this opinion.
 {¶ 32} Judgment reversed and remanded; cross-appeal denied.
It is ordered that appellant/cross-appellee recover of appellee/cross-appellant their costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 13 
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] See Dudukovich v. Lorain Metro. Housing Auth. (1979),58 Ohio St.2d 202 (the Ohio Supreme Court applied a presumption of timely delivery where the filing was sent by certified mail.)
[2] See Gilbert, supra at 64 (presumption of due receipt of a letter sent through the mail arises upon proof that the letter was (1) properly addressed, (2) had sufficient postage, and (3) was properly deposited in the mails.)
[3] Bodner depo. 117:20-119:9.
[4] Bodner depo. 117:20-119:9. *Page 1