[Cite as *Rimmer v. Citifinancial, Inc.*, 2013-Ohio-5732.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99760

---

# KAREN RIMMER

### PLAINTIFF-APPELLANT

vs.

# CITIFINANCIAL, INC.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-564493

BEFORE:   McCormack, J., Celebrezze, P.J., and Jones, J.
RELEASED AND JOURNALIZED:   December 26, 2013

**ATTORNEYS FOR APPELLANT**

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, OH 44115

Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, OH 44077


**ATTORNEYS FOR APPELLEE**

James L. Defeo
Kip T. Bollin
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1}  This is the second appeal by Karen Rimmer in her attempt to certify a class for her claim against Citifinancial, Inc. ("Citi") regarding its failure to timely record the satisfaction of a mortgage as statutorily required.   In the first appeal, this court reversed the trial court's decision denying class certification and held that the class should have been certified.   Citi appealed our decision to the Supreme Court of Ohio.

{¶2}  While the appeal was pending, the Supreme Court of Ohio issued *Alexander v. Wells Fargo Fin. Ohio 1, Inc*., 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, which held that an arbitration agreement is applicable to statutory mortgage satisfaction claims.   The Supreme Court of Ohio then remanded the instant cause to this court for further consideration in light of its *Alexander* decision.   We, in turn, remanded to the trial court to apply *Alexander*.

{¶3}  Applying *Alexander*, the trial court redefined the class, excluding from the class those who had an arbitration clause in their loan agreements.   Rimmer appealed from the trial court's decision, and the matter is again before us.

**Substantive Facts and Procedural History**

{¶4}  Thirteen years ago, in 2000, Rimmer executed a note and security agreement with Bank of Yorba Linda for $5,000.   Her loan was subsequently assigned to Associates Financial Services, Inc, which was merged with Citi several months later, and Citi became the holder of Rimmer's mortgage.   On April 10, 2001, Rimmer paid off her loan in full.   On August 16, 2001, the satisfaction of the subject mortgage was recorded with the Cuyahoga County Recorder.

**{¶5}** Four years later, on June 6, 2005, Rimmer filed a class action complaint against Citi, alleging Citi failed to file an entry of satisfaction of mortgage with the county recorder within 90 days of full payment of the mortgage, in violation of R.C. 5301.36. Rimmer sought automatic damages ($250), interest, and costs as allowed under R.C. 5301.36(C).

**{¶6}** On January 25, 2006, Rimmer filed a motion for class certification seeking to represent a class of all persons who, from March 8, 1999, paid residential mortgages in full but for whom Citi did not file an entry of satisfaction of mortgage with the county recorder within 90 days of loan payoff.

**{¶7}** Rimmer moved for partial summary judgment as to her individual claim against Citi. Citi also moved for summary judgment, alleging that it mailed within the statutory time the entry of satisfaction, but the recorder failed to timely process the entry.

**{¶8}** The trial court granted summary judgment in favor of Rimmer on her individual claim. The court, however, denied her motion for class certification, without providing an analysis.

**{¶9}** Rimmer appealed the trial court's denial of class certification. On appeal, we affirmed the summary judgment in favor of Rimmer on her individual claim, rejecting Citi's claim that it timely processed Rimmer's release and was entitled to a presumption of timely delivery. *Rimmer v. Citifinancial*, 8th Dist. Cuyahoga No. 89407, 2008-Ohio-1814.

{¶10} Applying the requirements for class certification, we reversed the trial court's decision denying class certification. The seven findings a court must make before certifying a class pursuant to Civ.R. 23 are: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all the members is impracticable (numerosity); (4) there must be questions of law or fact common to the class (commonality); (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); (6) the representative parties must fairly and adequately protect the interests of the class (adequacy); and (7) questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Rimmer* at ¶ 23, citing *Hamilton v. Ohio Savs. Bank*, 82 Ohio St.3d 67, 79-80, 694 N.E.2d 442 (1998).

{¶11} This court determined that Rimmer met all seven requirements under Civ.R. 23. She has defined an identifiable and manageable class; a question of law common to all members of the class predominates over any individual legal issues that may arise; and a single adjudication as a class action is the most efficient and fair manner by which to resolve the matter. *Rimmer* at ¶ 30.

{¶12} Citi appealed this court's decision to the Supreme Court of Ohio. The court remanded the case to this court for further consideration in light of its decision in *Alexander,* 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286. This court, in turn,

remanded to the trial court to apply *Alexander.* Upon remand, the trial court issued a decision certifying the class but excluded individuals who had an arbitration agreement in their loan agreements.

{¶13} Rimmer now appeals from the trial court's judgment. She assigns two errors for our review. The first assignment of error states: "The trial court erred in denying certification for most of the class sought to be certified by excluding over 90% of mortgagors who have the same claims as the named plaintiff."

{¶14} This is the main issue in this second appeal — whether individuals whose loan agreements contained an arbitration clause should be excluded from the class.

## Arbitration Clause in the Loan Agreements

{¶15} According to Citi's records, from March 8, 1999 through December 31, 2005, a total of 98,206 loans originated or assumed by Citi were paid off. Out of these loan agreements, *all but* 5,254 (5.3 percent) contained an arbitration clause. Rimmer is one of the 5,254 mortgagors whose loan agreements did not have an arbitration clause.

{¶16} In the first appeal, although this court noted some of the loan agreements contained an arbitration clause — unlike Rimmer's contract — this court nonetheless determined that Citi's defense based on the existence of the arbitration clause for these class members did not preclude their membership in the class. This court stated that "[a]lthough there may be some different defenses and issues presented with regard to those members, they are 'subordinate to the far larger common defense that [Citi] asserts against the Complaint.'" (Citation omitted.) *Rimmer*, 8th Dist. Cuyahoga No. 89407,

2008-Ohio-1814, ¶ 27. This court reasoned that "[t]he fact that some members may be subject to arbitration does not compel a finding that individual issues predominate over common ones since there is still a sufficient nucleus of common issues." *Id.* The question of whether an arbitration agreement *applies* to statutory mortgage satisfaction claims was not addressed in the first *Rimmer* appeal.

**{¶17}** Citi appealed our decision to the Supreme Court of Ohio, arguing that those individuals who agreed to arbitrate should have been excluded from the class. While that appeal was pending, the Supreme Court issued *Alexander*, 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286 (hereafter "*Alexander II*"), answering the question of whether an arbitration agreement applies to statutory mortgage satisfaction claims.

### *Alexander*

**{¶18}** In *Alexander II*, the Supreme Court of Ohio reversed two decisions of this court. In the first case, *Alexander v. Wells Fargo Fin. Ohio 1, Inc.*, 8th Dist. Cuyahoga No. 89277, 2008-Ohio-1402 (hereafter "*Alexander I*"), plaintiff Alexander entered into a mortgage agreement with defendant Wells Fargo and signed an accompanying arbitration agreement. Alexander filed a class action, alleging that Wells Fargo failed to file the entry of satisfaction of the mortgage within the 90 days prescribed by R.C. 5301.36, and the failure triggered a $250 penalty pursuant to the statute. Wells Fargo filed a motion to compel arbitration, which the trial court granted. In a split decision, this court reversed. The lead opinion held that the arbitration agreement did not apply to this type of dispute, which arose only after a mortgage was paid off.

{¶19} In the second case, *Coleman v. Am. Gen. Fin. Servs.*, 8th Dist. Cuyahoga No. 89311, 2008-Ohio-1403, Coleman entered into a loan agreement with American General Financial Services and signed a financing statement. The loan agreement contained a mandatory arbitration provision. Coleman filed a class action, alleging that American General failed to file a termination of the financing statement within the 30 days prescribed by R.C. 1309.513. Pursuant to R.C. 1309.625(E)(4), failure to timely file the statement triggers a $500 penalty. American General filed a motion to compel arbitration, which the trial court denied. Also in a split decision, this court affirmed the trial court, holding that Coleman's claim against American General was not subject to the arbitration agreement.

{¶20} The Supreme Court of Ohio accepted a review of both cases and consolidated them for a determination of whether the arbitration agreements applied to the parties' claims. In each case, the plaintiff argued to the Supreme Court of Ohio that, since the mortgage was extinguished before the statutory duty to file the mortgage satisfaction arose, the claim did not "arise out of or relate to" the mortgage agreement, thus it should not be subject to the arbitration clause.

{¶21} The Supreme Court rejected this argument, quoting the reasoning given by the dissent in *Alexander I*, which stated that the statutory duties for a timely filing of the entry of satisfaction "'cannot arise unless and until the loan agreements are extinguished by full payment of the note. In other words, the precise reason the court gives for finding that the claims are not subject to arbitration — namely full payment of the loan —

is precisely what must happen before the claimed duties manifest.'" *Alexander II* at ¶ 14, quoting *Alexander I* at ¶ 24 (Stewart, J., dissenting).[1]

***Rimmer* Remanded**

**{¶22}** Two weeks after its *Alexander* decision, the Supreme Court of Ohio remanded *Rimmer* to this court "for further consideration of its findings for class certification in view of the holding in [*Alexander II*]." *Rimmer v. CitiFinancial, Inc.*, 123 Ohio St.3d 128, 2009-Ohio-4902, 914 N.E.2d 406.

**{¶23}** This court, in turn, remanded the matter to the trial court "to determine whether the prerequisites of Civ.R. 23 have been satisfied in light of [*Alexander II*], and the fact that plaintiff's loan agreement does not contain an arbitration clause." We also instructed the trial court to make separate written findings as to each of the seven class action requirements, and specify the reasoning as to each finding.

**{¶24}** On remand, the trial court, as instructed, certified a class in light of *Alexander II*, excluding those individuals who had an arbitration clause in their loan agreement. After making a finding for each of the seven requirements, the trial court defined the class as follows:

---

[1] In both cases, the issue remained as to whether the arbitration clause was unconscionable or void as against public policy. For that determination, in the *Alexander* case, the Supreme Court of Ohio remanded the cause to this court, because this court never considered that issue after reversing the trial court on the ground of the inapplicability of the arbitration clause. In the *Coleman* case, the Supreme Court of Ohio remanded the cause to the trial court. Upon remand of *Alexander I*, this court held the plaintiff failed to establish that the arbitration agreement was either unconscionable or against public policy. *Alexander v. Wells Fargo*, 8th Dist. Cuyahoga No. 89277, 2009-Ohio-4837, ¶ 22 (hereafter "*Alexander III*"). As to *Coleman*, the case appeared to be dismissed by plaintiff upon remand to the trial court.

All persons who from March 8, 1999 entered into a residential mortgage agreement (as defined by R.C. 5301.36) with Citifinancial, Inc. *without entering into an arbitration provision agreement* with Citifinancial, Inc. relating to disputes arising out of said mortgage agreement, and thereafter satisfied their obligation where Citifinancial, Inc. (or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions) was the mortgagee at the time of satisfaction, and, for each such satisfied mortgage, Citifinancial, Inc. did not record the fact of the satisfaction in the appropriate county recorder's office and pay fees required for the recording within 90 days from the date of satisfaction.

(Emphasis added.)

**{¶25}** The trial court's definition excluded potential members who had an arbitration clause in their loan agreements.

**{¶26}** A trial court has broad discretion in determining whether to certify a case as a class action, and an appellate court should not reverse a class action determination absent an abuse of discretion. *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987), syllabus.

### This Appeal

**{¶27}** In this appeal, Rimmer claims that in *Alexander II*, the Supreme Court of Ohio only found that arbitration clauses *could* apply but it did not opine whether the arbitration clauses in the two cases under consideration *were applicable* to, or enforceable against, the class members.

**{¶28}** We disagree with Rimmer's reading of *Alexander II*. The holding of *Alexander II* cannot be clearer: the arbitration clause "demonstrates an agreement between [the mortgagor] and [the mortgagee] to arbitrate the failure to timely file" an

entry of satisfaction. *Alexander II* at ¶ 16 and 22. The only reason the Supreme Court of Ohio remanded the two cases to the lower court was for the lower court to decide whether the arbitration clause was unconscionable or against public policy. *Id.* at ¶ 32.

{¶29} We will also note that, upon remand, the class action representative in the *Alexander* case argued to this court that the arbitration clause is unconscionable because it "blocks an individuals's right to a class action" and eliminates the ability to pursue a class action. *Alexander III* at ¶ 17 and 18. This court rejected the argument, reasoning that "[t]o follow [the class representative's] reasoning that all arbitration clauses which eliminate the right to participate in a class action are invalid, arbitration clauses would never apply, as all class actions are litigated in court." *Id*. at ¶ 18.

{¶30} Also, in *Alexander III*, plaintiff Alexander cited *In re Consol. Mtge. Satisfaction Cases*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556, which held that these mortgage satisfaction cases could be brought as class actions. This court, in *Alexander III*, reminded Alexander that in *Consol. Mtge.*, there were *no* arbitration provisions at issue*,* and, therefore, Alexander's reliance on *Consol. Mtge.* was misplaced. *Alexander III* at ¶ 20.

{¶31} In the present case, upon remand, the trial court duly considered the Supreme Court's holding in *Alexander II*, certifying a class consisting of individuals who had not agreed to arbitrate claims relating to the mortgage — which the Supreme Court of Ohio determined include the statutory mortgage satisfaction claims. The trial court

made separate written findings as to each of the seven class action requirements, and gave reasons for each finding.

{¶32} The trial court's reasons for its findings on the seven requirements, understandably, were not lengthy, because the Supreme Court of Ohio has already resolved what has become the main issue in this class action case, i.e., whether an arbitration agreement applies to mortgage satisfaction claims. Because the arbitration agreements here are similar to the arbitration agreements in the *Alexander* case, they apply in this case with equal force. In light of *Alexander II* and *Alexander III*, the trial court properly excluded from the class those individuals who have agreed to arbitrate any disputes regarding their loan agreements.

{¶33} Rimmer raises a new argument in this appeal. She argues a certain type of arbitration provision does not apply in this case. This argument relates to individuals whose loan agreements contained an arbitration agreement that stated:

Claims Excluded from Arbitration[:] * * * Any matter where all parties seek monetary damages in the aggregate of $15,000 or less in total damages (compensatory and punitive), costs, and fees. * * * *Any claim asserted on behalf of a putative class of persons will, for purposes of this exclusion, be deemed to exceed $15,000.*

(Emphasis added.)

{¶34} Apparently, the arbitration clause in some loan agreements did *not* contain the last sentence. Rimmer alleges that the additional sentence is very significant. She

labels provisions containing the last sentence "Type B" arbitration clause, and those without the last sentence "Type A" arbitration clause. She acknowledges that individuals with a "Type B" clause should not be included in the class, but argues those with a "Type A" must be included in the class.

{¶35} First, Rimmer raised this argument only *after* the trial court already issued its March 8, 2013 judgment certifying the class. Our review, however, is limited to the record as it existed at the time the trial court entered its judgment. *Huntington Natl. Bank v. Law*, 10th Dist. Franklin No. 12AP-163, 2012-Ohio-5665, ¶ 8.

{¶36} Even if we were to consider the claim, the lack of the additional sentence does not have the significance alleged by Rimmer. Because the aggregate monetary damages sought in this case far exceed $15,000, the arbitration clause will be triggered even for those individuals with the "Type A" clause.

{¶37} We emphasize that the issue of class action certification in these statutory mortgage satisfaction cases had long been decided by the Supreme Court in *Consol. Mtge.*, 97 Ohio St.3d 465, 2002-Ohio-6720, 780 N.E.2d 556. *See also Brandow v. Washington Mut. Bank*, 8th Dist Cuyahoga No. 88816, 2008-Ohio-1714. The main issue in the instant case left to be litigated is whether those individuals who had an arbitration clause in their loan agreements should be included in the class. In light of the holding of *Alexander II*, the trial court did not abuse its discretion in deciding that Rimmer's claim is best litigated as a class action, but those who have agreed to arbitrate should be excluded from the class.

## Trial Court's Wording of Class Definition

{¶38} Rimmer's second assignment of error states:

> The trial court erred in changing the wording of the class definition (apparently by mistake) and creating an inconsistency about inclusion in the class for mortgagors of predecessors or other entities acquired, merged with, or otherwise now part of Citifinancial Inc., including affiliates, subsidiaries, and/or related lending institutions.

{¶39} After a careful reading of the class definition proposed by Rimmer and that provided by the trial court, we find merit to this claim. Rimmer proposed the following class:

> All persons who from March 8, 1999 and thereafter paid off a residential mortgage (as defined by R.C. 5301.36) where *CitiFinancial (or any predecessor other entity acquired or merged with — or otherwise now part of CitiFinancial — including any affiliates, subsidiaries, and/or related lending institutions)* was the mortgagee at the time of payoff, and, for each such paid-off mortgage, a satisfaction-of-mortgage form was not recorded with any Ohio county recorder within 90 days from the date of payoff.

(Emphasis added.)

{¶40} The trial court certified the class as follows:

> All persons who from March 8, 1999 entered into a residential mortgage agreement (as defined by R.C. 5301.36) with *Citifinancial, Inc.* without entering into an arbitration provision agreement with Citifinancial, Inc. relating to disputes arising out of said mortgage agreement, and thereafter satisfied their obligation where *CitiFinancial, Inc. (or any predecessor or other entity acquired or merged with, or otherwise now part of CitiFinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions)* was the mortgagee at the time of satisfaction, and, for each such satisfied mortgage, Citifinancial, Inc. did not record the fact of the satisfaction in the appropriate county recorder's office and pay fees required for the recording within 90 days from the date of satisfaction.

{¶41} Rimmer argues the different wordings used by the trial court limit the class to persons who entered into mortgage agreements *only* with Citifinancial, Inc. We

agree. The trial court, by inserting the parenthetical clause ("or any predecessor or other entity * * *") at the second mention of "Citifinancial Inc." rather than at the first mention of "Citifinancial Inc.," inadvertently excluded those who entered into agreements with Citi's predecessors or other entities that were acquired by or merged with Citi. Upon remand, the trial court is to revise the definition to properly reflect the inclusion of these individuals.

### Cross-Appeal

{¶42} Citi filed a cross-appeal from the trial court's judgment, raising two assignments of error for our review.

{¶43} The first assignment of error states: "The trial court erred by adopting a definition of the class that is open-ended and requires an individualized determination of the merits of each potential member's claim to identify the class members."

{¶44} Citi claims that, without an end date in the class definition, the class is indefinite and cannot be identified with reasonable efforts. A similar claim was made by defendant Washington Mutual in *Brandow*, 8th Dist. Cuyahoga No. 88816, 2008-Ohio-1714, and this court rejected the claim. This court explained that the class description "need only be definite enough for it to be feasible for the court to determine if someone is a member," *Id.* at ¶ 16, citing *Hamilton*, 82 Ohio St.3d at 71-72, 694 N.E.2d 442 . *Brandow* further stated that "[t]he fact that the class is open-ended is not determinative regarding whether the class is identifiable." *Id.* In addition, this court

cited the Supreme Court of Ohio's decision in *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 557 N.E.2d 157 (1990), which held:

> Civ.R. 23 does not require a class certification to identify the specific individuals who are members so long as the certification provides a means to identify such persons * * *. The fact that members may be added or dropped during the course of the action is not controlling. The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class.

*Id.* at 63.

**{¶45}** This court also pointed out in *Brandow* that in *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, also a statutory mortgage satisfaction case, the Supreme Court affirmed a class definition that did not contain an end date in the class definition.

**{¶46}** Although an end date in the class definition is not required in this case, at the oral argument before this court, Rimmer's counsel conceded the issue, and proposed March 8, 2013, the date of the trial court's judgment certifying the class, to be an appropriate end date. On remand, the trial court is to incorporate this date into the class definition, upon agreement by both parties.

**{¶47}** Citi's second assignment of error states: "The trial court erred by placing the burden on CitiFinancial to provide notice to the class."

**{¶48}** In its judgment, the trial court stated: "under Civ.R. 23(C)(2), the defendant shall, by regular U.S. mail, give written notice of the class certification in this case to each mortgagor as defined in the class definition."

**{¶49}** Civ.R. 23(C)(2) states: "In any class action maintained under subdivision (B)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. * * *."

**{¶50}** The rule does not specify which party bears the burden of providing notice to the class members. Citi argues Rimmer, as the class representative, should bear the burden. Citi also claims the trial court failed to address which party is responsible for identifying the members of the class.

**{¶51}** Regarding the question of which party should perform particular tasks necessary to send the class notice, the Supreme Court of United States had stated the following:

> The general rule must be that the representative plaintiff should perform the tasks, for it is he who seeks to maintain the suit as a class action and to represent other members of his class. * * * [O]rdinarily there is no warrant for shifting the cost of the representative plaintiff's performance of these tasks to the defendant.

In some instances, however, the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff. In such cases, we think that the district court properly may exercise its discretion under Rule 23(d) to order the defendant to perform the task in question. "

*Oppenheimer Fund v. Sanders*, 437 U.S. 340, 356, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

**{¶52}** Moreover, some courts have shifted the burden to the defendant where the liability has been determined. *Macarz v. Transworld Sys.*, 201 F.R.D. 54, 59 (D.Conn.2001), citing *Hartman v. Wick*, 678 F. Supp. 312 (D.D.C.1988); *Catlett v. Missouri Highway & Transp. Comm.*, 589 F.Supp. 949 (W.D.Mo.1984); *Six Mexican Workers v. Arizona Citrus Growers*, 641 F.Supp. 259 (D.Ariz.1986); *Meadows v. Ford Motor Co.*, 62 F.R.D. 98 (W.D.Ky.1973). A federal court in Ohio has also applied this principle. *Hook v. Baker*, S.D.Ohio No. C2-02-CV-901, 2004 U.S. Dist. LEXIS 26698, *7 (Sept. 1, 2004) (class notice costs may be shifted to defendant "after plaintiff's showing of some success on the merits, whether by preliminary injunction, partial summary judgment, or other procedure").

**{¶53}** Fed.R.Civ.P. 23 vests power in the trial court "to order one of the parties to perform the tasks necessary to send notice." *Oppenheimer* at 354. In this case, the trial court was within its discretion to order Citi to provide notice to the class members (which necessarily includes the task of identifying class members). The liability of Citi has already been determined by the trial court and affirmed by this court in *Rimmer I*. Furthermore, Citi possesses the records regarding the dates of the payoff of the mortgages and the mailing of the satisfaction notices, therefore it may be able to perform the necessary task of identifying the class members "with less difficulty or expense than could the representative plaintiff." *Oppenheimer* at 356. For these reasons, we conclude the trial court was within its discretion to order the defendant in this case to bear the cost of notice to class members. Citi's second assignment of error is without merit.

**{¶54}** Judgment is affirmed in part and reversed in part. Case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR