[Cite as *Rimmer v. Citifinancial, Inc.*, 2014-Ohio-5287.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101254

---

**KAREN RIMMER, ETC.**

PLAINTIFF-APPELLANT

vs.

**CITIFINANCIAL, INC.**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-05-564493

**BEFORE:** E.A. Gallagher, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 26, 2014

**ATTORNEYS FOR APPELLANT**

Brian Ruschel
925 Euclid Avenue
Suite 660
Cleveland, Ohio 44115

Patrick J. Perotti
Dworken & Bernstein Co., L.P.A.
60 South Park Place
Painesville, Ohio 44077


**ATTORNEYS FOR APPELLEE**

James L. Defeo
Kip T. Bollin
Thompson Hine L.L.P.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114

EILEEN A. GALLAGHER, J.:

**{¶1}** This is the third appeal by Karen Rimmer in her attempt to certify a class for her claim against Citifinancial, Inc. ("Citi") regarding its failure to timely record the satisfaction of a mortgage as statutorily required. Rimmer argues the trial court erred in changing the wording of the class definition as ordered by this court in its judgment and mandate issued in *Rimmer v. Citifinancial, Inc.,* 8th Dist. Cuyahoga No. 99760, 2013-Ohio-5732. Finding merit in the instant appeal, we reverse the decision of the trial court and remand the matter for proceedings consistent with this opinion.

**{¶2}** The facts as reported in *Rimmer* at ¶ 4 - 9 are as follows:

Thirteen years ago, in 2000, Rimmer executed a note and security agreement with Bank of Yorba Linda for $5,000. Her loan was subsequently assigned to Associates Financial Services, Inc. which was merged with Citi several months later, and Citi became the holder of Rimmer's mortgage. On April 10, 2001, Rimmer paid off her loan in full. On August 16, 2001, the satisfaction of the subject mortgage was recorded with the Cuyahoga County Recorder.

Four years later, on June 6, 2005, Rimmer filed a class action complaint against Citi, alleging Citi failed to file an entry of satisfaction of mortgage with the county recorder within 90 days of full payment of the mortgage, in violation of R.C. 5301.36. Rimmer sought automatic damages ($250), interest, and costs as allowed under R.C. 5301.36(C).

On January 25, 2006, Rimmer filed a motion for class certification seeking to represent a class of all persons who, from March 8, 1999, paid residential

mortgages in full but for whom Citi did not file an entry of satisfaction of mortgage with the county recorder within 90 days of loan payoff.

Rimmer moved for partial summary judgment as to her individual claim against Citi. Citi also moved for summary judgment, alleging that it mailed within the statutory time the entry of satisfaction, but the recorder failed to timely process the entry.

The trial court granted summary judgment in favor of Rimmer on her individual claim. The court, however, denied her motion for class certification, without providing an analysis.

Rimmer appealed the trial court's denial of class certification. On appeal, we affirmed the summary judgment in favor of Rimmer on her individual claim, rejecting Citi's claim that it timely processed Rimmer's release and was entitled to a presumption of timely delivery. *Rimmer v. Citifinancial*, 8th Dist. Cuyahoga No. 89407, 2008-Ohio-1814.

{¶3} Applying the requirements for class certification, this court reversed the trial court's decision denying class certification. *Id.* This court determined that Rimmer met all seven requirements under Civ.R. 23. "She defined an identifiable and manageable class; a question of law common to all members of the class predominates over any individual legal issues that may arise; and a single adjudication as a class action is the most efficient and fair manner by which to resolve the matter." *Rimmer* at ¶ 11.

{¶4} Citi appealed to the Supreme Court of Ohio and the court remanded the case to the Eighth District for further consideration in light of its decision in *Alexander v. Wells Fargo Fin. Ohio 1, Inc.,* 122 Ohio St.3d 341, 2009-Ohio-2962 911 N.E.2d 286. In *Alexander,* the Ohio Supreme Court held that an arbitration agreement is applicable to statutory mortgage satisfaction claims. This court, in turn, remanded to the trial court to apply *Alexander.* Upon remand, the

trial court issued a decision certifying the class but excluded individuals who had an arbitration agreement in their loan agreements. The trial court certified the class as follows:

> All persons who from March 8, 1999 entered into a residential mortgage agreement (as defined by R.C. 5301.36) with Citifinancial, Inc. without entering into an arbitration provision agreement with Citifinancial, Inc. relating to disputes arising out of said mortgage agreement, and thereafter satisfied their obligation where Citifinancial, Inc. (or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions) was the mortgagee at the time of satisfaction, and, for each such satisfied mortgage, Citifinancial, Inc. did not record the fact of the satisfaction in the appropriate county recorder's office and pay fees required for the recording within 90 days from the date of satisfaction.

{¶5} Rimmer filed her second appeal seeking to define the class for this litigation. On appeal, this court agreed with Rimmer that the trial court's definition limited the class to persons who entered into mortgage agreements only with Citifinancial Inc.

{¶6} This court determined that the trial court, by inserting the parenthetical clause "(or any predecessor or other entity * * * )" at the second mention of "Citifinancial Inc." rather than at the first mention of "Citifinancial Inc.," inadvertently excluded those who entered into agreements with Citi's predecessors or other entities that were acquired by or merged with Citi. *Rimmer* at ¶ 41. This court ordered the trial court on remand, to revise the definition to properly reflect the inclusion of those individuals.

{¶7} On remand, the trial court again failed to insert the parenthetical clause "(or any predecessor or other entity * * * )" after both mentions of Citifinancial as instructed by this court in *Rimmer* at ¶ 41. Rimmer now appeals asserting the following sole assignment of error:

> The trial court erred in changing the wording of the class definition ordered by this court in its Judgment/Mandate of December 26, 2013, by omitting certain mortgagors of predecessors or other entities acquired, merged with, or otherwise now part of Citifinancial, Inc., including affiliates, subsidiaries, and/or related lending institutions.

**{¶8}** In her sole assigned error, Rimmer argues that the trial court must follow the mandate of the reviewing court. We agree.

**{¶9}** In *Hawley v. Ritley*, 35 Ohio St.3d 157, 519 N.E.2d 390 (1988), the Ohio Supreme Court stated,

> [t]hus where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law. Moreover, the trial court is without authority to extend or vary the mandate given.

**{¶10}** This court in its prior decision mandated that the trial court insert the parenthetical clause "(or any predecessor or other entity * * * )" at the first and second mention of "Citifinancial Inc." However, on remand, the trial court's definition of the class only included the parenthetical at the first mention of Citifinancial. The effect of this omission is to exclude all of those who entered into agreements with Citi's predecessors or other entities that were acquired by or merged with Citi. This result is inconsistent with the mandate of *Rimmer* and as such, must be corrected. Thus, we remand the matter for correction of the class definition to read:

> All persons who from March 8, 1999 entered into a residential mortgage agreement (as defined by R.C. 5301.36) with Citifinancial, Inc. *(or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial, Inc., including any affiliates, subsidiaries, and/or related lending institutions)* without entering into an arbitration provision agreement with Citifinancial, Inc. relating to disputes arising out of said mortgage agreement, and thereafter satisfied their obligation where Citifinancial, Inc. *(or any predecessor or other entity acquired or merged with, or otherwise now part of Citifinancial,*

*Inc., including any affiliates, subsidiaries, and/or related lending institutions)* was the mortgagee at the time of satisfaction, and, for each such satisfied mortgage, Citifinancial, Inc. did not record the fact of the satisfaction in the appropriate county recorder's office and pay fees required for the recording within 90 days from the date of satisfaction.

**{¶11}** The judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA A. BLACKMON, J., CONCUR